```
 1  REIDUN STRØMSHEIM # 104938
    LINDA SORENSEN # 72753
 2  STROMSHEIM & ASSOCIATES
    201 California Street, Suite 350
 3  San Francisco, California  94111
    Telephone:    (415) 989-4100
 4  Fax:          (415) 989-2235

 5  Attorneys for Trustee,
    CAROL W. WU
 6

 7
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INTEGRATED PACKAGING ASSEMBLY CORP.<br>Dba IPAC<br>Tax ID # 47-0929011<br><br>      Debtor.<br>_____<br><br>CAROL W. WU, Trustee,<br>      Plaintiff,<br>v.<br><br>VICTOR A. BATINOVICH; i2a TECHNOLOGIES,<br>      Defendants. | Case No.  07-53563 ASW<br><br>Chapter 7<br><br><br><br><br><br><br>AP # 08-5333<br><br>Telephonic:  December 9, 2009<br>Time:             3:15 p.m. |

<u>JOINT TRIAL SETTING CONFERENCE STATEMENT</u>

This Trial Setting Management Conference Statement is filed by plaintiff Carol Wu ("Trustee"), Chapter 7 trustee of the above referenced bankruptcy estate, and defendants Victor A. Batinovich and i2a Technologies.

The Court has set the Trial Setting Conference on December 9, 2009, at 3:15 p.m.  Please note that the discovery deadlines will not have passed, and that expert discovery herein shall be completed by February 8, 2010, pursuant to this Court's order dated May 29, 2009.  The setting of the Trial Setting Conference was early because at that time the Court's calendar for 2010 was not yet set.

The parties held their Preconference Meet and Confer telephone conference on November

19, 2009, after prior exchange of proposals by email.

  A. <u>Substance of the Action</u>:

  <u>Plaintiff's claims</u>:  Debtor had a long-standing dispute with its San Jose landlord.  Debtor dealt with its landlord through various negotiations and agreements, and filed its Chapter 11 petition on October 31, 2007, throughout holding out that it was an operating business in the semiconductor field with substantial and valuable equipment, numerous employees, and client contracts that would be jeopardized if the landlord were to be permitted to retake its premises before Debtor was ready to move to a new facility in Fremont.  Debtor used the Chapter 11 to obtain additional time, and represented that it was in the process of finishing the Fremont facility and moving its property.  No permission was obtained from the Court for any transfer of possession or ownership of any of Debtor's property interests of any kind.  Once the property had been moved, non-debtor i2a Technologies, Inc., took the position that the Fremont facility and all of Debtor's property were its property free of any interest of Debtor- based on a 2006 asset purchase agreement - and that Debtor had no valuable property - indeed had no business operations or assets during the Chapter 11.  Victor Batinovich controlled both Debtor and i2a Technologies, Inc. ("i2a").  i2a continues to operate in Fremont, and for example uses www.ipac.com as its website address.

  The Trustee contends that notwithstanding i2a's contention that Debtor's assets were transferred to it prior to the filing of the petition, nevertheless there was no change of possession sufficient in law to insulate the assets from Debtor's creditors.  When Debtor (in collaboration with i2a) filed a Chapter 11 petition representing ownership of the assets, and obtained the jurisdiction and protection of this Court over the assets, it sealed the assets' status as property that the estate representative was entitled to use or sell.  i2a sought no reclamation or declaration regarding its claims to the assets, but instead stole off with them by insider Batinovich's violation of his fiduciary duty to Debtor's estate, using his insider control to change their location and to refuse those assets to the successor estate representative.

  In the process, Batinovich and i2a used the resources of the Court, the United States Trustee, and Debtor's creditors in the proceedings undertaken in the Chapter 11 for intended

benefits to Batinovich and i2a. They set in motion obligations of a Chapter 7 trustee to investigate and seek to recover the liquidation value of assets for the estate and its creditors. By failing to obtain Court authority for the transfer to i2a actions during the Chapter 11 - if such authority could be obtained - they set in motion the necessity for a Chapter 7 trustee to redress the abuse of the bankruptcy system that had occurred. Plaintiff further contends that to the extent that i2a and Mr. Batinovich perpetrated a complete fraud by putting an empty corporate shell into bankruptcy and pretending that it was the operating business, in order to obtain the protections afforded in Chapter 11, and to evade the results that would have resulted from telling the truth at each stage, then an appropriate remedy should be fashioned, which might include judicial estoppel from claiming adverse ownership, and sanctions.

Defendants' Defenses: As Defendants Batinovich and i2a have maintained throughout this matter, Debtors filing for a Chapter 11 petition was commenced in good faith and necessary to assert its possessory and equitable leasehold rights to continue occupancy of the San Jose premises relative to its contractual obligation to provide a premises for i2a. Moreover, at the time of filing for bankruptcy protection, Debtor/IPAC was involved as a party in multiple litigations relating to a purchase agreement under which IPAC acquired all of the assets of OSE, the underlying security and its Promissory Note were subject to multiple competing claims by potential holders. As such, the filing was made in good faith and was necessary so that Debtor/IPAC could avoid potential multiple competing claims over the same promissory note obligation. It would appear that the Chapter 7 trustee is merely churning this case and she should have ceased from taking any legal action once she was provided with the January 2006 asset purchase agreement, under which i2a acquired the assets of Debtor. As such, it appears that the continued maintenance of this case is intended to do nothing more than punish Debtor for its responsible person's mis-statements, all of which were unilaterally corrected by Debtor and did not, nor have they, caused any harm. All of which was, or should have been, known to the Chapter 7 Trustee before filing the instant action.

B. Witness List: Discovery is not yet completed and decisions have not yet been made about what witnesses are likely to be called at trial, other than Victor Batinovich to explain his

behavior.

      C.    <u>Exhibits, Schedules and Summaries</u>: Discovery is not yet completed and decisions have not yet been made about documents. The filings in the Chapter 11 will be presented; documents wherein Debtor held itself out as the operating company, and current documents demonstrating how closely i2a continues to identify itself with Debtor.

      D.    <u>Discovery Evidence</u>: Discovery is not yet completed and decisions have not yet been made about deposition testimony, answers to interrogatories etc. The plaintiff will use transcripts from the Chapter 11, and defendants' responses to plaintiff's written discovery.

The parties agree that this Court has jurisdiction of this action, and that it is a core matter. This Court may enter judgment.

      E.    <u>Trial Date</u>: The parties propose that trial be set at approximately on or after April 19, 2010 because of preexisting schedule commitments of trial counsel. Whereas plaintiff estimates a 2-day trial in total, defendants estimate 3-4 days. Note that defendants' answer contained a demand for jury trial on page 12. The parties instead agree that this is a Court trial, and defendants therefore withdraw their jury demand. Previously, the Joint Case Management Conference Statement filed May 15, 2009 stated: "The parties agree that this Court has jurisdiction of this action, and that it is a core matter. This Court may enter judgment." The Trustee contends that all of the subject matter of the action is the unlawful disposition of property of the Chapter 11 estate within the exclusive jurisdiction of the bankruptcy court, and abuse of the process of this Court, none of which presents any right to jury trial.

Dated: November 23, 2009.

                                              STROMSHEIM & ASSOCIATES

                                              By    *Linda Sorensen*
                                              LINDA SORENSEN, Attorneys for
                                              CAROL W. WU, Trustee, Plaintiff

                                              NEEDHAM, KEPNER, FISH & JONES LLP

                                              By    *D. Brad Jones*
                                              Attorneys for Defendants