| | |
|---|---|
| 1 | REIDUN STRØMSHEIM # 104938 |
| | LINDA SORENSEN # 72753 |
| 2 | STROMSHEIM & ASSOCIATES |
| | 201 California Street, Suite 350 |
| 3 | San Francisco, California 94111 |
| | Telephone: (415) 989-4100 |
| 4 | Fax: (415) 989-2235 |
| 5 | Attorneys for Trustee, |
| | CAROL W. WU |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 07-53563 ASW |
| INTEGRATED PACKAGING ASSEMBLY CORP. | Chapter 7 |
| Dba IPAC | |
| Tax ID # 47-0929011 | |
|       Debtor. | |
| CAROL W. WU, Trustee, | AP # 08-5333 |
|       Plaintiff, | |
| v. | Telephonic: February 10, 2010 |
| | Time: 3:15 p.m. |
| VICTOR A. BATINOVICH; i2a TECHNOLOGIES, | |
|       Defendants. | |

JOINT UPDATED TRIAL SETTING CONFERENCE STATEMENT

This Trial Setting Management Conference Statement is filed by plaintiff Carol Wu ("Trustee"), Chapter 7 trustee of the above referenced bankruptcy estate, and defendants Victor A. Batinovich and i2a Technologies.

At the trial-setting conference on February 10, 2010, the Court continued the Trial Setting Conference to April 7, 2010. All discovery deadlines have passed pursuant to this Court's order dated May 29, 2009, and the matter is ready for trial. The matter is not amenable to resolution, in whole or in part, by dispositive motion.

The parties held their Preconference Meet and Confer telephone conference on November 19, 2009, and an additional conference for updating the matter on March 18, 2010.

A. **Substance of the Action**:

**Plaintiff's claims**:

Plaintiff alleges that a serious abuse of the bankruptcy system occurred through Defendants' manipulation of the filing of a Chapter 11 case for Debtor, and their actions in that case.

Debtor had a long-standing dispute with its San Jose landlord. Debtor dealt with its landlord through various negotiations and agreements, and filed its Chapter 11 petition on October 31, 2007, throughout <u>holding out that it was an operating business in the semiconductor field with substantial and valuable equipment, numerous employees, and client contracts</u> that would be jeopardized if the landlord were to be permitted to retake its premises before Debtor was ready to move to a new facility in Fremont. Debtor used the Chapter 11 to obtain additional time, and represented that it was in the process of finishing the Fremont facility and moving its property. No permission was obtained from the Court for any transfer of possession or ownership of any of Debtor's property interests of any kind. Once the property had been moved, non-debtor i2a Technologies, Inc., took the position that the Fremont facility and all of Debtor's property were its property free of any interest of Debtor- based on a 2006 asset purchase agreement - and that <u>Debtor had no valuable property and indeed had held no business operations or assets during the Chapter 11.</u> Victor Batinovich controlled both Debtor and i2a Technologies, Inc. ("i2a"). i2a continues to operate in Fremont, and for example uses www.ipac.com as its website address.

The Trustee contends that notwithstanding i2a's contention that Debtor's assets were transferred to it prior to the filing of the petition, nevertheless there was no change of possession sufficient in law to insulate the assets from Debtor's creditors. When Debtor (in collaboration with i2a) filed a Chapter 11 petition representing ownership of the assets, and obtained the jurisdiction and protection of this Court over the assets, it sealed the assets' status as property that the estate representative was entitled to use or sell. i2a sought no reclamation or declaration regarding its claims to the assets, but instead stole off with them by insider Batinovich's violation of his fiduciary duty to Debtor's estate, using his insider control to change their location and to refuse those assets to the successor estate representative.

In the process, Batinovich and i2a used the resources of the Court, the United States Trustee, and Debtor's creditors in the proceedings undertaken in the Chapter 11 for intended benefits to Batinovich and i2a. They set in motion obligations of a Chapter 7 trustee to investigate and seek to recover the liquidation value of assets for the estate and its creditors. By failing to obtain Court authority for the transfer to i2a actions during the Chapter 11 - if such authority could be obtained - they set in motion the necessity for a Chapter 7 trustee to redress the abuse of the bankruptcy system that had occurred. Plaintiff further contends that to the extent that i2a and Mr. Batinovich perpetrated a complete fraud by putting an empty corporate shell into bankruptcy and pretending that it was the operating business, in order to obtain the protections afforded in Chapter 11, and to evade the results that would have resulted from telling the truth at each stage, then an appropriate remedy should be fashioned, which might include judicial estoppel from claiming adverse ownership, and sanctions.

**Plaintiff's reply to the Defendants' explanations below**: If Debtor was in fact an asset-less shell after prepetition completed sale of all of its property including leasehold rights, it is inconsistent for Defendants to claim Debtor was acting properly to protect possessory and equitable leasehold rights. Instead, this argumrnt appears to concede that Debtor was in fact in possession of the leasehold and operating business, and that Defendants did in fact participate in an unauthorized transfer during the bankruptcy. If i2a had only contract rights, those rights were not assumed during the Case and therefore i2a had only a claim, not ownership of the bankruptcy estate's property. Similarly, if Debtor was actually an asset-less shell, its filing of Chapter 11 because of complex litigation was not for any benefit to it, but instead to confer benefits on Defendants.

Defendants' taunts that the Trustee is "churning" this case for no good reason ignores the Trustee's and United States Trustee's duties to address abuse of the bankruptcy process. On the one hand, there could be a recovery because of the assets unlawfully usurped by Defendants and purportedly now held outside the administration of the bankruptcy case, which is a major violation of the Court's jurisdiction, the automatic stay, and criminal statutes. On the other hand, the matter is at least an abuse of process.

**Defendants' Defenses**:

Defendants, Batinovich and i2a have steadfastly maintained throughout this matter, that Debtors filing for a Chapter 11 petition was commenced in good faith, without any undisclosed intent to take advantage of this Court, to misuse the Court's resources, or to perpetuate a fraud on anyone. The simple truth was that the filing was necessary to assert Debtors possessory and equitable leasehold rights to continue its occupancy rights in the San Jose premises, with respect to contractual obligations running in favor of i2a. Moreover, at the time of filing for bankruptcy protection, Debtor/IPAC was involved, and remains, a party in a multiple party State Court litigation relating to a purchase agreement Promissory Note that is subject to multiple competing claims by potential holders, who have pending claims in the bankruptcy estate. With this pre-filing background, Debtor's petition was made in good faith and was absolutely necessary in order to avoid potential multiple competing claims over the same promissory note obligation. The Chapter 7 trustee is convinced that the January 2006 asset purchase agreement, under which i2a acquired the assets of Debtor and the subsequent re-location of those assets to i2a's facility in Fremont, is what constitutes the fraud allegedly perpetrated on this Court. However, this information was provided to the Trustee in advance of the filing of the instant case, and Defendants contend that the continued maintenance of this case by the Trustee is intended to do nothing more than to generate fees and punish Debtor for its responsible person's mis-statements, all of which were unilaterally retracted and corrected by Debtor and did not, nor have they, caused any harm.

B. **Witness List**:

**Plaintiff**: The Trustee expects to rely principally on transcripts of the events during the Chapter 11, and to call the participants (including Victor Batinovich) and their attorneys as necessary to establish the damages/costs occasioned by the fraud on the Court and/or as applicable to call for their explanations why Defendants should not be sanctioned, much as an <u>Order to Show Cause</u> would involve. The Trustee understands that the United States Trustee intends to participate. The Trustee expects that Victor Batinovich should explain his behavior. It is the

Trustee's view that this matter involves contempt of the Court as to which it is the Trustee's duty to bring the matter forward for examination, but for the Court to exercise a substantial degree of control over the proceedings. The Court would logically require and weigh the explanations, once the Trustee has presented sufficient evidence that abuse of process and sanctionable behavior has occurred. The Trustee believes that matters of Record establish that abuse has occurred, and that sufficient notice is being given that sanctions may be awarded..

**Defendants**: Batinovich will testify and also intends to call the various participants, accountants and attorneys, as necessary, to establish the arms length nature of all transactions between i2a, the Debtor, and Batinovich, all of which demonstrating the complete lack of any fraud by Batinovich as well as the lack of any damages to the Trustee.

C. **Exhibits, Schedules and Summaries**:

**Plaintiff**: The filings in the Chapter 11 will be presented; documents wherein Debtor held itself out as the operating company, prepetition litigation documents to the same effect, and current documents demonstrating how closely i2a continues to identify itself with Debtor.

**Defendants**: The filings in the Chapter 11 will be presented and current documents demonstrating that the Chapter 11 petition was commenced in good faith and necessary to assert Debtor's possessory and equitable leasehold rights to continue occupancy of the San Jose premises because of its contractual obligation to provide premises for i2a. Moreover, documents demonstrating that at the time of filing for bankruptcy protection, Debtor was involved as a party in multiple litigations relating to a purchase agreement and its underlying security, which subject to multiple competing claims over the same promissory note obligation.

D. **Discovery Evidence**:

The plaintiff may use defendants' responses to plaintiff's written discovery. Batinovich may use the Trustee's responses to written discovery, if same are produced.

E. **Trial Date**:

The parties propose that trial be set at approximately on or after May 10, 2011, and both counsel have the three weeks following open, subject to this Court's potential setting of an unrelated matter affecting plaintiff's counsel. The parties estimates a 4-5-day trial in total based on defendants' plans, although plaintiff believes it may be substantially less.

Dated: March 18, 2010.

                STROMSHEIM & ASSOCIATES

                By_____*Linda Sorensen*_____
                LINDA SORENSEN, Attorneys for
                CAROL W. WU, Trustee, Plaintiff

                NEEDHAM, DAVIS, KEPNER & YOUNG LLP

                By_____*D. Brad Jones*_____
                Attorneys for Defendants