, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Defendants
i2a Technologies and Victor A. Batinovich

LAW OFFICES
GOLDBERG, STINNETT, DAVIS & LINCHEY
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 07-53563-ASW |
| INTEGRATED PACKAGING ASSEMBLY CORP., | Chapter 7 |
| Debtor. | |
| CAROL W. WU, Trustee, | A.P. No. 08-5333 |
| Plaintiff, | Date: July 16, 2010 |
| vs. | Time: 3:00 p.m. |
| i2a TECHNOLOGIES and VICTOR A. BATINOVICH, | Place: Courtroom 3020<br>280 South First Street<br>San Jose, CA |
| Defendants. | Judge: Hon. Arthur S. Weissbrodt |

## DECLARATION OF VICTOR A. BATINOVICH IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Victor A. Batinovich, declare:

1.      I am one of the defendants herein and an officer of defendant i2a Technologies.  I make this declaration of my own personal knowledge, and if called as a witness, could and would competently testify to the facts set forth hereinafter.

1

2. On November 29, 2007, I caused the debtor to file its Schedules in this case. True and correct copies are attached hereto as **Exhibit "A."**

3. On January 8, 2008, I attended the Initial Debtor Interview ("IDI") at which I advised the U.S. Trustee of the debtor's 2006 asset sale to i2a Technologies. I described in detail the terms of the sale, the consideration paid and how the acquisition came about. The U.S. Trustee asked for a copy of the Sale Agreement, and on January 24, 2008, I caused the debtor to provide a copy of the 2006 Asset Purchase Agreement between the debtor and i2a to the U.S. Trustee. Attached hereto as **Exhibit "B"** is a true and correct copy of the agreement which I provided.

4. On January 25, 2008, I caused the debtor to file its first Operating Report, its Statement of Financial Affairs and Amended Schedules, copies of which are attached hereto as **Exhibits "C," "D" and "E"** respectively.

5. The debtor, i2a and I each have distinct creditors and assets. My books and records are maintained separate and apart from those of the debtor and those of i2a. The books and records of i2a are and have always been maintained separate and apart from those of the debtor.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 25, 2010 at Fremont, California.

/s/ Victor A. Batinovich
Victor A. Batinovich

LAW OFFICES
**GOLDBERG, STINNETT, DAVIS & LINCHEY**
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

2

10584/125785.DOC

In re:   **Integrated Packaging Assembly Corp**                          Case No. _____
                                                                                              (If known)
                          Debtor

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | $      0.00 | $      0.00 |
| | | Total ➤ | $      0.00 | |

(Report also on Summary of Schedules.)

# EXHIBIT "A"

In re  **Integrated Packaging Assembly Corp**                    Case No. _____
_____                              _____
                     Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | 0.00 |
| Security deposits with public utilities, telephone companies, landlords, and others. | | c/o Murray & Murray | | 48,000.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | | | 0.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | | | 0.00 |
| 6. Wearing apparel. | | | | 0.00 |
| 7. Furs and jewelry. | | | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | | | | 0.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | | | | 0.00 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | | | | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | | | | 0.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | | | | 0.00 |

In re   **Integrated Packaging Assembly Corp**                    ,          Case No. _____

                                                Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16. Accounts receivable. | | | | 0.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | | | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | | | 0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Litigation IPAC v. Canada Life Assurances, et al 106cv074006 | | 500,000.00 |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Litigation OSE USA, Inc v. IPAC, et al and cross complaint 107cv078151 | | unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | Various | | unknown |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | | | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | | Various | | unknown |
| 30. Inventory. | | various | | unknown |

Form B6B-Cont.
(10/05)

In re   **Integrated Packaging Assembly Corp**                              Case No. _____

                            Debtor                                                        (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

      __2__   continuation sheets attached          Total   ➤          **$ 548,000.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Official Form 6D (10/06)

In re **Integrated Packaging Assembly Corp** _____, Case No. _____
                                Debtor                                                    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Security Agreement <br><br> VALUE $0.00 | | | | 0.00 | 0.00 |
| ACCOUNT NO. | | | Security Agreement <br><br> VALUE $0.00 | | | | 0.00 | 0.00 |
| ACCOUNT NO. 0334460056 <br> Bridge Bank, N.A. <br> 2120 El Camino Real <br> Santa Clara, CA 95050 | | | 12/03/2003 <br> Security Agreement <br> FINANCING STATEMENT <br> TERMINATED <br> Notice Only <br><br> VALUE $0.00 | | | X | 0.00 | 0.00 |
| ACCOUNT NO. 077105207231 <br> Bridge Bank, N.A. <br> 55 Almaden Blvd. <br> San Jose, CA 95113 | | | 02/13/2007 <br> Security Agreement <br> Financing Statement <br> Terminated <br> Notice Only <br><br> VALUE $0.00 | | | X | 0.00 | 0.00 |

1    continuation sheets attached

Subtotal ▷
(Total of this page)

Total ▷
(Use only on last page)

| | | |
|---|---|---|
| $ | 0.00 | $    0.00 |
| $ | | $ |

(Report also on Summary of Schedules)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6D (10/06) - Cont.

In re  Integrated Packaging Assembly Corp                                    , Case No. _____
                        **Debtor**                                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  98568366 <br><br> I.C.O.S. Vision Systems, Inc. <br> 3673 Enochs St <br> Santa Clara, CA 95061 | | | 07/31/1998 <br> **Security Agreement** <br> **UCC-1** <br> **Notice Only** <br><br> **VALUE $0.00** | | | X | 0.00 | 0.00 |
| ACCOUNT NO. 057044284377 <br><br> Victor Batinovich <br> 3085 Passo Vista Drive <br> San Martin, CA 95046 | | | 10/04/2005 <br> **Security Agreement** <br> **FINANCING STATEMENT** <br><br> **VALUE $500,000.00** | | | | 500,000.00 | 0.00 |

Sheet no.  1 of  1 continuation
sheets attached to Schedule of
Creditors Holding Secured
Claims

Subtotal  ➤
(Total of this page)

Total  ➤
(Use only on last page)

| $ | 500,000.00 | $ | 0.00 |
|---|---|---|---|
| $ | 500,000.00 | $ | 0.00 |

(Report also on Summary of   (If applicable, report
Schedules)                                also on Statistical
                                              Summary of Certain
                                              Liabilities and
                                              Related Data.)

Official Form 6E (04/07)

In re **Integrated Packaging Assembly Corp**_____,   Case No. _____
                              Debtor                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_  continuation sheets attached

Official Form 6E (04/07) - Cont.

In re **Integrated Packaging Assembly Corp** _____   Case No. _____

                                    Debtor                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

Type of Priority:  **Taxes and Certain Other Debts Owed to Governmental Units**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Internal Revenue Service**<br>**P.O. Box 21126**<br>**Stop. N781**<br>**Philadelphia, PA 19114** | | | 11/9/2007<br>**Claim No. 1** | X | X | X | 10,225.03 | 10,225.03 | 0.00 |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotals> (Totals of this page) | $ 10,225.03 | $ 10,225.03 | $ 0.00 |
|---|---|---|---|---|
| | Total > (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ 10,225.03 | | |
| | Total > (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ 10,225.03 | $ 0.00 |

Official Form 6F (10/06)

In re    <u>Integrated Packaging Assembly Corp</u>                 Case No. _____
                              Debtor                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | 1.00 |
| ACCOUNT NO.   106CV074006 <br> Joe Sully <br> 60 E. Third Ave., Suite 280 <br> San Mateo, CA 94401 | | | 10/31/2006 | X | X | X | 1.00 |
| ACCOUNT NO. <br> Manasian & Rougeau, LLP <br> 400 Montgomery St., #100 <br> San Francisco, CA 94104 | | | Prior Legal Services | X | X | X | 20,000.00 |
| ACCOUNT NO. <br> Montgomery Professional Services Co <br> 999 Baker Way, Suite 200 <br> San Mateo, CA 94404 | | | Notice Only | | | | 1.00 |
| ACCOUNT NO. <br> Needham, Davis, Kepner & Young, LLP <br> 1960 The Alameda, Suite 210 <br> San Jose, CA 95126 <br> Brad Jones | | | Legal Services | | | | 1.00 |

<u>1</u>   Continuation sheets attached

Subtotal  >  $       20,004.00

Total  >  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re    **Integrated Packaging Assembly Corp**                                     Case No. _____
                                                        Debtor                                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    107CV089571<br><br>Old Oakland Road Associates<br>Todd Rothbard<br>Todd Rothbard Law Office<br>4261 Norwalk Drive, #107<br>San Jose, CA 95129 | | | 7/12/2007<br><br>Notice Only | | | | 1.00 |
| ACCOUNT NO.    107CV078151<br><br>Ose Usa, Inc.<br>Fred M. Blum<br>Bassi, Martini, Eldin & Blum, LLP<br>351 California St., #200<br>San Francisco, CA 94104 | | | 1/12/2007<br><br>Litigation Matter | X | X | | 1.00 |
| ACCOUNT NO.<br><br>South Bay Development<br>Willoughby, Stuart & Benning<br>50 W. San Ferenando St., #400<br>San Jose, CA 95113 | | | Notice Only | | | | 1.00 |
| ACCOUNT NO.<br><br>Thelen Reid<br>225 W. Santa Clara St., #1200<br>San Jose, CA 95113 | | | Notice Only | | | | 1.00 |
| ACCOUNT NO.<br><br>Victor Batinovich<br>3085 Passo Vista Drive<br>San Martin, CA 95046 | | | Notice/Unknown | | | | 1.00 |

Sheet no. _1_ of _1_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

|  | Subtotal  > | $ | 5.00 |
|---|---|---|---|
|  | Total  > | $ | 20,009.00 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Form B6G
(10/05)

In re: <u>Integrated Packaging Assembly Corp</u>        Case No. _____
                       **Debtor**                                (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Dollinger Properties** | see above |
| **Dollinger Properties**<br>3399 W. Warren Ave.<br>Fremont, CA | commercial lease |
| **Montgomery Professional Services Co**<br>999 Baker Way, Suite 200<br>San Mateo, CA 94404 | outsources of accounting and realted services |
| **Needham, Davis, Kepner & Young, LLP**<br>1960 The Alameda, Suite 210<br>San Jose, CA 95126 | legal services |
| **Old Oakland Road Associates**<br>c/o Murray & Murray<br>19400 Stevens Creek Blv., # 200<br>Cupertino, CA 95014<br><br>Murray & Murray<br>19400 Stevens Creek Blvd, #200 | commerical lease |

Form B6H
(10/05)

In re: **Integrated Packaging Assembly Corp**   Case No. _____
_____                        _____
                          **Debtor**                                              **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

## UNITED STATES BANKRUPTCY COURT
### Northern District of California

In re: __Integrated Packaging Assembly Corp_____,

Debtor

Case No.

Chapter **11**

# Exhibit "A" to Voluntary Petition

1. If any of debtor's securities are registered under section 12 of the Securities and Exchange Act of 1934, the SEC file number is .

2. The following financial data is the latest available information and refers to debtor's condition on __9/30/2007__.

a. Total assets      $ _____ **548,000.00**

b. Total debts (including debts listed in 2.c., below)      $ _____ **530,234.03**

Approximate number of holders

c. Debt securities held by more than 500 holders.

| | | | | | | |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | | **$0.00** | | **0** |

d. Number of shares of preferred stock

e. Number of shares of common stock      1      1

Comments, if any:

3. Brief description of debtor's business:

**7**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

**Victor Batinovich**

Exhibit A - Page 1

Official Form 6 - Summary (10/06)

## United States Bankruptcy Court
## Northern District of California

In re **Integrated Packaging Assembly Corp**
_____
Debtor

Case No. _____

Chapter _____11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 548,000.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $ 500,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 10,225.03 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 20,009.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ |
| TOTAL | | 13 | $ 548,000.00 | $ 530,234.03 | |

Official Form 6 - Declaration (10/06)

In re **Integrated Packaging Assembly Corp**        Case No. _____

                     Debtor                                           (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

### (NOT APPLICABLE)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I **Victor A. Batinovich**, the **President** of the Corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **15** sheets (total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date   **11/29/2007**                        Signature:    **/s/ Victor A. Batinovich** _____

                                                        **Victor A. Batinovich President** _____

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

# ASSET PURCHASE AGREEMENT

This asset purchase agreement ("*Agreement*") is made as of the 28 day of January, 2006, by and between Integrated Packaging and assembly Corporation ( IPAC)., a California Corporation ("*Seller*"), and i2a Technologies Inc. also , a California corporation ("*Purchaser*").

RECITALS

A.     Seller operates a manufacturing business (the "*Manufacturing Business*"), which assembles and packages integrated circuits to order from wafers consigned by its customers.

B.     Seller desires to sell to Purchaser, and Purchaser desires to purchase from Seller, the Seller's assets related to the Manufacturing Business.

NOW, THEREFORE, the parties agree as follows:

1.     <u>Purchase and Sale of Assets.</u>

1.1     <u>Assets.</u>     On the terms and subject to the conditions set forth in this Agreement, at the Closing (as defined in Section 2.1), Seller shall sell, convey, transfer, assign and deliver to Purchaser, and Purchaser shall purchase from Seller, all of Seller's right, title and interest in and to all of the assets used in the Manufacturing Business (the "*Assets*"), free and clear of any liens (other than LTD to Victor Batinovich ), pledges, mortgages, security interests, encumbrances or claims (collectively, "*Encumbrances*"). The Assets consist of all of the Company's assets including, cash and cash equivalents held by the Company and the Company's accounts receivable, and include without limitation:

(a)     <u>Equipment.</u>   all equipment, machinery, appliances and fixtures that, are owned or leased by Seller in the Manufacturing Business (the "*Equipment*");

(b)     <u>Inventories.</u>   All of Seller's and its subsidiaries' owned inventories of goods, supplies, and packaging materials, including raw materials (such as gold wire, lead frames and mold compound), work-in-process and finished goods to be sold by or used in the Manufacturing Business as of the Closing Date;

(c)     <u>Customer Consignment Property.</u>   All products and other personal property held by Seller on consignment from customers of the Manufacturing Business;

(d)     <u>Intellectual Property.</u>     All of Seller's and its subsidiaries' intellectual property used in the Manufacturing Business, including without limitation (i) a perpetual, royalty-free, transferable license to all intellectual property relating to Seller's proprietary software program for material resource planning, shop floor control, work in process tracking, statistical process control and product costing; (ii) all

EXHIBIT "B"

intellectual property relating to Seller's ball grid array, low profile fine pitch ball grid array, and Flip Chip processes and enhancements thereto (iii) all intellectual property relating to Seller's stacked die processes, flip chip/wire bond hybrid package and Systems in a Package (SIP) capability; (iv) the patents; (v) all patent and trademark applications filed with the US Patent and Trademark Office, or any foreign counterpart thereof, by or on behalf of Seller; (vi) all trademarks, service marks and trade names printed in or on Seller's marketing materials, products, agreements, purchase orders, invoices or other papers, and with the goodwill and carry forward losses associated therewith to the extent such rights relate to the Manufacturing Business, Integrated Packaging Assembly Corporation or IPAC; (vii) Seller's copyrights, whether registered or unregistered, relating to any software programs, marketing materials or other documents created by or on behalf of Seller and relating to the Manufacturing Business; and (viii) Seller's trade secrets and other proprietary information relating to the Manufacturing Business.

(e)     Real Property Rights.  Seller's leasehold rights and interests as of the Closing Date in and to the real property located at 2221 Old Oakland Road, San Jose, California, exclusive of the Lease Agreement dated September, 2003 by and between the Company and Joseph A. Sully (the "*Landlord*"), together with all improvements, fixtures and fittings thereon owned by Seller, and easements, rights-of-way. The Seller grants buyer the right to occupy and operate from this space, and in exchange the Buyer agrees to pay landlord( Canada Life ) $32000/month (inclusive of NNN), current and re-negotiated lease.

(f)     Books and Records.  All books, papers, and records in Seller's care, custody or control as of the Closing Date relating to any of the Assets or the Manufacturing Business or the operation of either of them, including without limitation sales records, maintenance records and logs, purchase agreements, warranties and operating manuals with respect to any and all of the Equipment; and

(g)     Permits and Licenses.  Each permit, license, consent, right, exemption, concession, authorization, certificate, order, franchise, determination, or approval of any federal, state or municipal government (whether domestic or foreign), or any political subdivision thereof, or any governmental or quasi-governmental, judicial, public or statutory authority, department, commission, board, bureau, agency, instrumentality or entity used in or required for the ownership or operation of the Manufacturing Business.

1.2     Purchase Price;.

(a)     The total purchase price shall be $750,000 in the 3way deal form as follows:

(b)     An investor ( PTA _ Malaysia company ) loaned $750,000 to IPAC.

(c)     i2a Technologies transferred some of its IP ( know how, training and qualification assistance) to PTA for which PTA has to compensate i2a Technologies approximately $1.5 million US.

(d)     PTA and IPAC agreed – IPAC, and instead of repaying the loan amount to PTA, IPAC will sell its assets to i2a Technologies for the exact amount of $750,000 which will reduce PTA's obligation to i2a by the same amount .

1.3     Assumption of Liabilities.  Nothing in this Agreement shall constitute or imply any assumption by Purchaser of any liability or obligation of Seller of any kind, nor shall this Agreement or the consummation of the transaction contemplated hereby otherwise cause Purchaser to be responsible for any liability or obligation of Seller of any kind.

1.4     Without limiting the generality of the foregoing, Purchaser shall not assume any liability or obligation of Seller relating to (a) any line of credit or other debt arrangement of Seller or, including without limitation Seller's loan and security agreement (b) any guarantee or similar arrangement or (c) the Old Oakland Road Lease. However Seller grants i2a Technologies a permission to operate at this facility and in exchange, i2a Technologies ( Purchaser) agrees to pay all rents and repairs on behalf of Seller and no other liability.

2.  .     **Representations and Warranties.**

(a)     Sale of Substantially All of Seller's Assets.  The sale of Seller's right, title and interest in and to the Assets does, and will constitute under applicable corporate law a sale of all or substantially all of Seller's assets.

(b)     Liabilities.  As of the Closing, Seller will have no liabilities, debts or obligations of any nature, in any of the Assets, the transfer thereof or Purchaser's right to use, possession or ownership thereof.

(c)     Title to and Condition of the Assets.  As of the Closing, Seller will to the best of Seller's knowledge, holds a valid leasehold interest and grant Buyer right to operate from this premise as described in 1(e) above.

2.2     Purchaser's Representations and Warranties.  Purchaser hereby represents and warrants to Seller as follows:

(a)     Good Standing and Qualification.  Purchaser is a corporation, validly existing and in good standing under the laws of the State of California and has all requisite corporate power and authority to carry on its business as now conducted and as proposed to be conducted.

3.     **Conditions to Seller's Obligations.**  The obligations of Seller under this Agreement to sell, convey, transfer, assign and deliver the Assets to Purchaser is subject to the fulfillment, on or before the Closing, of each of the following conditions, unless otherwise waived by Seller:

3.1    Representations and Warranties.    Each of the representations and warranties of Purchaser contained in Section 3 shall be true and correct on and as of the Closing Date, with the same effect as though such representations and warranties had been made on and as of the Closing Date.

3.2    Governing Law.    This Agreement and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted in accordance with the laws of the State of California, without giving effect to principles of conflicts of law.

3.3    Counterparts.    This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

3.4    Titles and Subtitles.    The titles and subtitles used in this Agreement are used for convenience only and are not to be considered in construing or interpreting this Agreement.

IN WITNESS WHEREOF, each of the undersigned has caused this Agreement to be duly executed on its behalf.

SELLER:    Integrated Packaging and assembly Corporation (IPAC)., a California corporation

for & on behalf of IPAC

By: _Banner_

Name: _VICTOR BATINOVICH_

Title: _CEO_

PURCHASER:    i2a Technologies Corporation a California corporation

for & on behalf of i2a Technologies

By: _Banner_

Name: _VICTOR BATINOVICH_

Title: _CEO_