```
REIDUN STRØMSHEIM # 104938
LINDA SORENSEN # 72753
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California  94111
Telephone:    (415) 989-4100
Fax:          (415) 989-2235

Attorneys for Trustee,
CAROL W. WU
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INTEGRATED PACKAGING ASSEMBLY CORP.<br>Dba IPAC<br>Tax ID # 47-0929011<br><br>      Debtor.<br>_____<br><br>CAROL W. WU, Trustee,<br>      Plaintiff,<br>v.<br><br>VICTOR A. BATINOVICH; i2a TECHNOLOGIES,<br>      Defendants. | Case No. 07-53563 ASW<br><br>Chapter 7<br><br><br><br><br><br><br>AP # 08-5333<br><br><br>Hearing: July 16, 2010<br>Time:    3:00 p.m. |

**OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

      This memorandum is filed on behalf of Plaintiff Carol W. Wu, Trustee ("Trustee"), in opposition to the Motion of Defendants [Docket #22].  Although the Motion itself requests judgment specifically and only as to the Third (abuse of process), Fifth (consolidation), Seventh (conversion), and Eighth (unjust enrichment) Claims for Relief, the Defendants' Memorandum [Docket #22-1] addresses additional matters, and neglects to address the conversion and unjust enrichment claims.  The Trustee filed a First Amended Complaint [Docket #18] on December 9, 2008 ("Amended Complaint"), prior to issuance of the Summons.  It appears that the Motion was made on Defendants' behalf by substitute counsel in ignorance of the Amended Complaint and is

therefore incoherent.

If Defendants' basic contention is correct, imagine the havoc to be played with the bankruptcy system and the resources of the courts, United States Trustee, creditors, and officers of the court! An operating business can be put into Chapter 11 and obtain all of the aid designed to protect it while it reorganizes or to permit orderly liquidation and distribution in accordance with law. Everyone can act with great concern about the jobs and customer contracts and assets to be protected. And then, as soon as the desired benefits have been achieved and with no advance warning or authorization from the Court, the operating business (and the assets) can simply opt out of the balance of consequences of bankruptcy filing, leaving all that effort visited upon so many constituents, perhaps leaving the impression on some creditors that the operating business is still protected by the bankruptcy filing, and in some instances causing an officer to be appointed to investigate and seek redress for what went on. And all that it would take is one person or group in charge of both the filing entity and another entity, not a bankruptcy filer, to say that the operating business and its assets had been transferred to the non-filing entity prior to the bankruptcy filing, and of course that other entity is free of any obligation to the bankruptcy estate and the Court. After some delay, the control person "produces" a document that he has signed as both buyer and seller. But as here, <u>the control person had the power to make the assets property of the bankruptcy estate</u> by actions including documents inconsistent with, or even merely subsequent in supposed date to, that odd "sale" document that rambles on in a manner that evidences that it was created "conveniently" to suit Defendants' explanation why the assets were no longer in the bankruptcy estate. The sale document itself is evidence supporting relief to the Trustee.

The Defendants say, "So I lied. Your only remedy is to dismiss or convert the Case."

The relief available to the Trustee is based on the facts that are proven, not on labels for theories that the Defendants can attempt to define as irrelevant to this Action. Each of the Trustee's formulations of her claims for relief was included out of caution to address an unusual fact pattern, and each has relevance to the undisputed facts. It is not reasonable to eliminate potentially relevant claims for relief, only to find the Defendants later attempting to take shelter by explanations that fit into dismissed claims for relief.

The material facts are on the record, and most are quoted in the Amended Complaint. That Defendants did these things is not disputed. They owe an explanation that must be cross-examined (on behalf of the Trustee) and also inquired into by the Court at a suitable <u>evidentiary hearing</u>. Their explanation, like their being required to respond to an Order to Show Cause re Contempt that this Court could reasonably issue in this Action, is not subject to a summary judgment that simply says that the falsehoods do not arise to abuse of process. The falsehoods, whether a falsehood that the Debtor was operating a business to any extent whatsoever, or whether a falsehood that i2a was instead operating absolutely all of the business to the exclusion of Debtor, as of the commencement of the bankruptcy case, are a basis for finding sanctionable abuse of process.

Mr. Batinovich stated under penalty of perjury, and counsel under his control took the position in Court hearings, that Debtor was the operating business with valuable assets. As it now appears, Mr. Batinovich was doing the same thing prior to the bankruptcy filing in business dealings and in other litigation that did not implicate the same consequences as filing bankruptcy did. So he was not just momentarily "confused." See Declaration of Linda Sorensen supporting this opposition for examples from the prepetition period. The explanation heretofore advanced to the Court in the context of the dismissal or conversion therefore contains its own misrepresentations. All of this is evidence that prevents summary judgment on any of the challenged paths of the Trustee to redress what occurred. Furthermore, Defendants declined to avail themselves of the Court's willingness to dismiss the Case so that creditors could pursue any relief, but instead actually decided to have the Case converted to a Chapter 7 so that a trustee without any funds would be forced to investigate and obtain any redress. [Transcript of hearing September 5, 2008, for example, pp. 25-38 (see particularly page 32 and 37).]

Now Defendants want to have it both ways by causing an unreasonable expense by filing an incoherent motion, stating that it is addressed to certain things, but then discussing all sorts of "red herrings." This seems to be the tactic of redefining a reality that does give rise to relief, so that they instead try to fit it into something that can be challenged. At all times the Trustee, though counsel, has been quite sincere in the several conferences with Defendants' counsel, and in

STROMSHEIM & ASSOCIATES

Case: 08-05333    Doc# 25    Filed: 07/02/10    Entered: 07/02/10 12:18:47    Page 3 of 5

3

the joint case management and trial setting statements, to describe what the Trustee intended to do at trial, to wit: These are the statements made in order to gain advantage. Here is the odd sale document. Here are prepetition matters of record that also support a conclusion that the Debtor was in fact operating those assets whether alone or in combination with i2a and/or that similar misrepresentations were being made. As in an Order to Show Cause, the Trustee expects the Defendants to explain and be examined. And the Court will rule.

Defendants completely ignore inherent sanction authority and civil contempt sanctions under 11 U.S.C. §105(a) for abuse of process of a type that constitutes improper litigation tactics. Although addressing the possibility of bad faith or willful misconduct at page 6 of Defendants' memorandum, Defendants simply wish it away although the evidence here surely supports bad faith and willful misconduct. Again addressing the inherent sanction power and abuse of process at page 11 of Defendants' memorandum, Defendants come up with the inconsistent theory that the existence of the dismissal or conversion remedy is to the exclusion of the 11 U.S.C. §105(a) remedy. However, the language cited establishes that Section 105(a) coexists with dismissal and is not supplanted by it. The Court should reject Defendants' contention that no matter how sanctionable the behavior, the Court can only dismiss or convert the Case. There is no such "Catch-22". Defendants' arguments that their behavior "does not rise to the level of abuse of the bankruptcy process" is not an issue susceptible to summary adjudication in this Case.

To review Defendants' memorandum concerning subordination of Mr. Batinovich's proof of claim is to recognize why it depends on the same material facts in bona fide dispute as the remainder of the Amended Complaint. The cheating of creditors and abusive use of process is exactly inequitable conduct specifically related to whether the legitimate claims in the bankruptcy case and the costs of redress should come first. Since the surplus assets remain with the owners it is not difficult to see why subordination makes sense. There is no reason for the Trustee to recover funds sufficient to pay Mr. Batinovich's supposed claim. If i2a claims it has a contractual right to be transferred the Debtor's assets, and yet the Court determines that Mr. Batinovich had the power to include those assets in the bankruptcy estate, we would expect to hear that i2a asserts a claim in the bankruptcy estate, which should justifiably be subordinated to the claims it tried to

cheat.

The Trustee has been attempting to limit the damages for redress of Defendants' wrongful acts. There is probably a relatively limited universe of creditors whose claims are sought to be paid.[1] The legal expense of redress is not yet finished. Rule 26 (if it has any application to a sanctions recovery) does not require guessing future facts, especially where as here the Defendants are able to increase the damages by needless steps and a motion that is both disorganized and fails to present issues that can in fact be resolved as a matter of law.

No relief should be granted to Defendants on account of their Motion, which was not filed within the 30 days provided by the Court at the last Conference.

DATED: This 2nd day of July, 2010.

STROMSHEIM & ASSOCIATES

/s/ *Linda Sorensen*
Attorneys for Plaintiff,
CAROL W. WU, Trustee

---

[1] The State Court litigation has not been completed but is in the process of becoming very active. To the extent that the Trustee may not be pursuing any causes of action that creditors therein can pursue, those should be abandoned to the creditors. Creditor Manasian & Rougeau has a modest claim based on a fact pattern coincident to that of the Trustee, that would certainly be worthwhile to cause to be paid. There, Mr. Batinovich hired the firm to litigate for IPAC to redress the operating business's difficulties with conditions in its leasehold premises, and then of course Mr. Batinovich's subsequent position is that the assets he was displaying to the firm are not available to pay the bill.