```
REIDUN STRØMSHEIM # 104938
LINDA SORENSEN # 72753
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California  94111
Telephone:    (415) 989-4100
Fax:          (415) 989-2235

Attorneys for Trustee,
CAROL W. WU
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INTEGRATED PACKAGING ASSEMBLY CORP.<br>Dba IPAC<br>Tax ID # 47-0929011<br><br>　　　　　Debtor.<br>_____<br><br>CAROL W. WU, Trustee,<br>　　　　　Plaintiff,<br>v.<br><br>VICTOR A. BATINOVICH;  i2a TECHNOLOGIES,<br>　　　　　Defendants. | Case No.  07-53563 ASW<br><br>Chapter 7<br><br><br><br><br><br><br>AP # 08-5333<br><br><br><br>Hearing: July 16, 2010<br>Time:    3:00 p.m. |

**<u>AMENDED AND CORRECTED[1]</u>**
**<u>DECLARATION OF LINDA SORENSEN IN SUPPORT OF</u>**
**<u>OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR PARTIAL</u>**
**<u>SUMMARY JUDGMENT</u>**

　　　　I, Linda Sorensen, am one of the attorneys for the Trustee, plaintiff herein, and I hereby declare from my personal knowledge as follows:

　　　　1.　　On behalf of Plaintiff Carol W. Wu, Trustee, I participated in the last Telephonic

---

[1] Corrected from Declaration filed and served 7/2/2010 [Docket #26] to include missing Exhibit A Transcript 9/5/08 and proper format of signature block. Amended to include Exhibit E Transcript of Section 341 hearing November 28, 2007 and discussion thereof in added Paragraph 7.

1. Conference in this Action held on April 7, 2010. Attorneys Brad Jones and Dennis Davis appeared on behalf of Defendants. The Court required each of them to undertake to commence the motion for summary judgment that they promised, no later than 30 days after the Telephonic Conference and both agreed. Instead, without any agreement from Trustee, no such motion was filed until June 8, 2010. The Trustee's opposition memorandum filed herewith outlines the deficiencies in said motion.

2. Attached hereto as Exhibit A for convenient reference is a true and correct copy of the Transcript of hearing in the Main Case on Friday, September 5, 2008, which is referenced in the Trustee's opposition memorandum.

3. Attached hereto as Exhibit B is a true and correct copy of draft state court complaint delivered to me in electronic form by Paul Manasian as prior, prepetition counsel for Debtor, delivered to the Trustee as successor to client rights of the corporation. Attorney Manasian informed me that the same disk of electronic files had been delivered by him to attorney Brad Jones as part of substitution in the state court matter. I received these electronic files after the last Telephonic Conference. Attorney Brad Jones continues to represent Mr. Batinovich in related matters although he has substituted out of this Action after the last Telephonic conference. Mr. Manasian has informed me that the handwritten comments on Exhibit B are Mr. Batinovich's corrections.

4. Attached hereto as Exhibit C is a true and correct copy of a Declaration of Gregory A. Rougeau in that same state court matter for a hearing on March 5, 2007, which was included in the aforesaid electronic document turnover. It represents IPAC as the operating business with employees.

5. Attached hereto as Exhibit D is a true and correct copy of an email string between attorney Paul Manasian and Mr. Batinovich in September of 2006, included in the aforesaid electronic document turnover. It discusses IPAC's demands for damages for loss of business among other related matters evidentiary of IPAC's use of the premises at a time after the purported sale of assets.

6. There are many other documents in the aforesaid electronic document turnover

which are to similar effect, some of which identify only IPAC, and others that include i2a in some manner.  Defendants have made no disclosure of this source of documents pursuant to their obligations under Rule 26, notwithstanding attorney Brad Jones having taken over the litigation from Manasian & Rougeau LLP, representing IPAC and answering to Mr. Batinovich for their instructions.

7. Attached hereto as Exhibit E is a true and correct copy of the Transcript of 341 Meeting of Creditors held on November 28, 2007 at which Mr. Batinovich testified at length and counsel also made representations about the operations, employees, and damages experienced by Debtor IPAC and these "facts" as reflected in tax returns just signed [see particularly page 3 line 17 to page 4 line 21 (attorney Healy), and page 5 line 24 to page 7 line 17 (Mr. Batinovich), and page 14 line 13 to page 17 line 9 (Mr. Batinovich in response to questions by the IRS)].  This testimony was made almost three weeks after the November 9, 2007 relief from stay hearing for which Mr. Batinovich had submitted his Docket #17 declaration filed November 8, 2007.  Defendants' memorandum in support of their motion claims that the "errors" were corrected by the filing of Schedules on November 29, 2007.  But it is <u>not a matter for summary judgment</u> how extensive testimony at and after 2:40 p.m. on November 28, 2007 would be contradicted by a filing the very next day without giving any real notice to the case participants affected by the "story" that had been issued.  It is not a matter for summary judgment whether the public testimony, or instead the schedules, are determined to be operative for purposes of recovery in this Action.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge, information and belief and that this (corrected) declaration is executed this 6th day of July, 2010, at San Francisco, California.

                                           /s/    *Linda Sorensen*