GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
KATHERINE D. RAY, ESQ. CA Bar #121002
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Defendants
i2a Technologies and Victor A. Batinovich

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>INTEGRATED PACKAGING ASSEMBLY CORP.,<br>Debtor. | Case No. 07-53563-ASW<br>Chapter 7 |
| CAROL W. WU, Trustee,<br>Plaintiff,<br>vs.<br>i2a TECHNOLOGIES and VICTOR A. BATINOVICH,<br>Defendants. | A.P. No. 08-5333<br><br>**Date: July 16, 2010**<br>**Time: 3:00 p.m.**<br>**Place: Courtroom 3020**<br>**280 South First Street**<br>**San Jose, CA**<br>**Judge: Hon. Arthur S. Weissbrodt** |

### REPLY TO OPPOSITION OF PLAINTIFF TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants i2a Technologies ("i2a") and Victor A. Batinovich ("Batinovich") reply to Plaintiff's opposition ("Opposition") to Defendants' Motion for Partial Summary Judgment ("Motion") as follows.

-1-

## I. RELIEF SOUGHT BY MOTION

By the Motion, Defendants seek judgment in their favor on all of the Trustee's claims other than those challenging or seeking damages for the debtor's prepetition sale of its assets to i2a (collectively, the "Avoidance Claims")[1]. The Trustee correctly notes that the Motion addressed those claims for relief set forth in the complaint filed on December 5, 2009, rather than the First Amended Complaint ("FAC") filed on December 12, 2009. However, each of the claims for which Defendants seek partial summary judgment are contained in the FAC, some of which are set forth under a different numbered claim for relief than as set forth in the original complaint.

The FAC claims which are the subject of the Motion (the "Subject Claims") are:

- Second Claim for Relief - Unlawful Postpetition Transfer, Interference with Estate; Concealment;
- Third Claim for Relief – Contempt of Court; Fraud on Court; Abuse of Process;
- Fifth Claim for Relief – Substantive Consolidation;
- Ninth Claim for Relief – Alter Ego;
- Tenth Claim for Relief – Objection to Claim; Subordination;
- Eleventh Claim for Relief – Sanctions.

## II. THE SUBJECT CLAIMS SHOULD BE DISMISSED

The Motion sets forth each of the elements which the Trustee is required to prove to prevail on the Subject Claims. The Trustee does dispute those elements nor take issue with any of the legal authorities cited in the Motion. To avoid summary adjudication in favor of Defendants, the Trustee is required to come forward with competent evidence to support her claims or to controvert the evidence submitted by Defendants. The Trustee does neither. Instead, the Trustee argues that the Subject Claims are not subject to summary adjudication by their nature (i.e., conduct subject to

---

[1] The Motion addressed those claims for relief set forth in the complaint filed on December 5, 2009, rather than the First Amended Complaint ("FAC") filed on December 12, 2009. Each of the claims for which Defendants seek partial summary judgment in their favor are contained in the FAC albeit under a different numbered claim for relief. Under the FAC, the Avoidance Claims are set forth in the First Claim for Relief (Conveyance of Personal Property without Delivery), Fourth Claim for Relief (Fraudulent Transfer), Sixth Claim for Relief (Section 550 Liability), Seventh Claim for Relief (Conversion), and Eighth Claim for Relief (Unjust Enrichment).

-2-

sanctions) or because they require an evidentiary hearing. Neither argument is availing.

### A. The Facts on which the Subject Claims are Based are Not in Dispute

By this action, the Trustee does much more than challenge the debtor's prepetition sale of assets to i2a, as contemplated when the debtor's chapter 11 case was converted. The Trustee seeks punitive sanctions against Defendants for misstating the debtor's status at the outset of the case, even though the misstatements were cured promptly and there is no evidence of any quantifiable or compensable damages incurred by the estate. The Trustee also seeks redress for alleged postpetition transfers even though the evidence is uncontroverted that the sale of the debtor's assets to i2a occurred in 2006, long before the debtor filed its bankruptcy petition. The Trustee also seeks a determination that Batinovich, the debtor and i2a are a single entity and that their separate status and financial affairs should be disregarded and substantively consolidated, even though there is no evidence of any commingling of assets or disregard of corporate formalities required for such an extraordinary remedy.

The facts on which the Subject Claims are based are not in bona fide dispute. The Trustee's sanction claims are based on defendants' conduct during the early stages of the debtor's bankruptcy case – namely, Batinovich's November 7, 2007 declaration erroneously describing the debtor's status as an operating entity. It is undisputed that this misconception was corrected a few weeks later when the debtor filed its schedules and statement of financial affairs showing it had no employees, income from operations or assets other than litigation claims.

Similarly, the Trustee offers no evidence to support her claim that unauthorized postpetition transfer of the debtor's assets occurred, as the sale to i2a occurred long before the petition date. The fact that the Trustee views the sale agreement as "odd" does not create a factual issue and is insufficient to defeat summary judgment on the Second Claim for Relief. *Rule* 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an **adverse party may not rest upon mere allegations or denials** of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate shall be entered against the adverse party.

-3-

Fed. R. Civ. Proc. 56(e), emphasis supplied. Here, the Trustee's inference that the i2a sale agreement was possibly fabricated postpetition is wholly unsupported by any evidence and is mere allegation, which does not create a genuine issue for trial.

Further, the Trustee has produced no evidence that Batinovich is the alter ego of the debtor or i2a or that the assets and financial affairs of Batinovich, i2a and the debtor were commingled or so intertwined that they should be substantively consolidated. As stated in the Separate Statement of Undisputed Facts filed in support of the Motion ("Separate Statement"), the debtor, i2a and Batinovich each have distinct creditors and assets, and each maintain their own books and records. The Trustee does not refute any of the facts set forth in the Separate Statement. Those uncontroverted facts preclude any finding that Batinovich is the alter ego of the debtor or i2a or that substantive consolidation of the debtor and nondebtor Defendants is appropriate or warranted, entitling Defendants to judgment on the Fifth and Ninth Claims for Relief.

Moreover, the Trustee has offered no evidence of any damages, and has failed to produce any computation of damages or any documents to support her damage claims, as required by Bankruptcy Rule 26. The Trustee contends that damage disclosures are not required in this case, but cites no authority in support of her position. Instead, the Trustee speculates that havoc *could* result if an entity invokes the protection of bankruptcy laws when there is no ongoing business to protect or reorganize.

The evidence which the Trustee does offer in opposition to the Motion do not create any bona fide factual dispute regarding the Subject Claims. The Trustee has submitted purported copies of the debtor's draft pleadings from prepetition state court litigation with its lessor and email communications regarding same. Such documents cannot form the basis of any claim against Defendants in the debtor's bankruptcy case, as they were not prepared nor filed in the bankruptcy case.

The Trustee also submits the transcript from the conversion hearing. The transcript makes clear that at the time of conversion, the Court and all parties, *including the Trustee*, were fully apprised that the debtor had no operations or assets other than litigation claims. However, the Trustee argues because the case was converted rather than dismissed, she was "forced to investigate

LAW OFFICES
GOLDBERG, STINNETT, DAVIS & LINCHEY
A PROFESSIONAL CORPORATION
44 MONTGOMERY STREET, SUITE 2900
SAN FRANCISCO, CALIFORNIA 94104

and obtain any redress" for the confusion caused by the misstatements regarding the debtor's status. Opposition, page 3, line 23. However, there was nothing for the Trustee to investigate in order to confirm that the debtor had no assets other than litigation claims. There is no "redress" to be obtained because the Trustee cannot identify any damages to the estate caused by the confusion regarding the debtor's status, since the confusion was cleared up within the first month of the case when the debtor filed its schedules and statement of financial affairs.

### B. Summary Adjudication is Appropriate Because the Trustee Cannot Establish the Elements for the Subject Claims

The Trustee ignores the authorities cited in the Motion which make clear that the Trustee has no standing to prosecute alleged bankruptcy crimes or to pursue damages for any alleged violation of the stay. Further, the Trustee does not address the fact that any sanctions against Defendants for the misstatements regarding the debtor's status would be punitive in nature since there is no compliance to be induced by imposing sanctions, and that therefore a finding of bad faith or willful misconduct would be required, which is not warranted under the circumstances.

For summary judgment purposes, there is no issue for trial unless there exists sufficient evidence in the record to support a ruling in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2512 (1986). The party opposing summary judgment must do more than present a "scintilla of evidence." The plaintiff must present affirmative evidence sufficient to allow a reasonable fact finder to find in the party's favor. *Id*. Under those standards, there are no fact issues to be tried regarding the Subject Claims, as the Trustee has no evidence to establish the elements of those claims.

### C. The Trustee Cannot Escape Summary Adjudication by Offering to to Abandon the Subject Claims

Apparently recognizing her inability to prevail on the Subject Claims, the Trustee states that she formulated and included her claims for relief "out of caution to address an unusual fact pattern." Opposition, page 2, line 26. Now that Defendants have moved for summary adjudication of those claims, the Trustee states that she plans to abandon those claims to creditors to pursue in pending state court litigation. Opposition, page 5, footnote 1.

While the Trustee was within her rights to assert the Avoidance Claims, the Trustee chose to

-5-

Case: 08-05333   Doc# 29   Filed: 07/09/10   Entered: 07/09/10 14:42:39   Page 5 of 6
126373

assert and pursue the Subject Claims and cannot now avoid the consequences of that litigation strategy by abandoning the claims at this stage. Now that discovery has closed and Defendants have incurred substantial expenses defending the litigation and in moving for summary adjudication of the Subject Claims, the Trustee cannot avoid dismissal of the Subject Claims by effectively saying: "Nevermind, I'm not going to pursue those claims and they can be abandoned as if they were never litigated."

The Trustee cannot dismiss the Subject Claims absent the consent of Defendants and is not entitled to a "do-over." Fed. R. Civ. Proc. 41(a)(1). Claims are subject to dismissal with prejudice where it would be prejudicial or inequitable to Defendants to permit the plaintiff (or its assignees) to refile the claims. *Burnette v. Godshall*, 828 F.Supp. 1439, 1443-44 (N.D. Ca. 1993). Relevant factors in determining whether the dismissal should be with or without prejudice are (1) the defendant's effort and expense in preparing for trial, (2) excess delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal. *Id.*.

Under those factors, any dismissal of the Subject Claims absent Defendants' consent should be with prejudice, as this litigation has been pending since 2008, Defendants have incurred substantial expense defending against the Trustee's claims and the Trustee has not been diligent in prosecuting the action and in conducting discovery, which is now closed. To the extent the Trustee is reconsidering pursuing the Subject Claims, she does so only because she is unable to come forward with any evidence to defeat the Motion.

WHEREFORE, Defendants respectfully request that the Motion be granted in its entirety and that partial summary judgment be granted in favor of Defendants on the Second, Third, Fifth, Ninth, Tenth and Eleventh Claims for Relief, i.e., all of the Trustee's claims excepting the Avoidance Claims.

Dated: July 9, 2010 

GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation

By: /s/ Dennis D. Davis
Attorneys for Defendants
i2a Technologies and Victor A. Batinovich