REIDUN STRØMSHEIM # 104938
LINDA SORENSEN # 72753
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California  94111
Telephone:    (415) 989-4100
Fax:               (415) 989-2235

Attorneys for Trustee,
CAROL W. WU

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.  07-53563 ASW |
|---|---|
| INTEGRATED PACKAGING ASSEMBLY CORP.<br>Dba IPAC<br>Tax ID # 47-0929011<br>　　　　Debtor. | Chapter 7 |
| CAROL W. WU, Trustee,<br>　　　　Plaintiff,<br>v.<br>VICTOR A. BATINOVICH;  i2a TECHNOLOGIES,<br>　　　　Defendants. | AP # 08-5333<br><br>Trial setting conference: July 22, 2010<br>Time:　　　　　　　　　9:30 a.m. |

**UPDATED INITIAL DISCLOSURES OF PLAINTIFF,
COMBINED WITH ANALYSIS OF PRIOR FAILURE TO DISCLOSE "DAMAGES"**

TO: THE DEFENDANTS HEREIN, AND TO THEIR ATTORNEYS OF RECORD:

BACKGROUND:

　　　　The parties conducted their Discovery Conference on March 9, 2009, Linda Sorensen for Plaintiff and Brad Jones for Defendants.  Defendants through their then-counsel Brad Jones, accusing Trustee's counsel of "churning" the case for attorneys fees, proposed that a long delay be had before efforts were expended or trial was set, to see if State Court litigation would settle, allowing the issues to be narrowed because the largest claims in the case might be eliminated or at least determined.  In the process, Initial Disclosures were lost sight of without fault of either side.

Discovery was completed pursuant to deadlines. The parties discussed what the Trustee intended to present at trial. The parties have had several conferences in which they have discussed the documents and witnesses, and discussed what would be presented at trial, which has been summarized on their Joint Trial-Setting Statements. The parties agreed to request trial during the last three weeks of May 2010, as stated therein.

In April 2010 Dennis D. Davis contacted Plaintiff's attorneys, stating that he was going to be involved. He demanded Rule 26 Initial Disclosures, and stated demands that discovery be reopened and that trial should not be had in May 2010 as previously agreed. At the CMC, the Court acknowledged the unfairness to Plaintiff but permitted the Defendants to file a motion to narrow the issues within 30 days, which was instead filed late.

Plaintiff immediately filed Initial Disclosures pursuant to Rule 26(a)(1), F.R.C.P., made applicable by Rule 7026, F.R.Bankr.P. Plaintiff's counsel provided the same response to the "damages" question as had been given in numerous other avoidance and sanctions adversary proceedings in the past without complaint or incident resulting therefrom, whatsoever. Plaintiff's counsel was under the impression from caselaw or rules authority dating back many years, that the damages calculation disclosure was intended for personal injury or property damage actions. It did not seem to fit either an action for recovery of assets nor an action to sanction a participant for abusing bankruptcy process including seriously misleading the Court. Counsel's motivation was not to withhold information, but expressed a sincere belief that the particular disclosure was not applicable.

ANALYSIS:

Although at hearing on July 16, 2010, the Court expressed unwillingness to sanction Plaintiff at this time and offered that the disclosure requirement can easily be met with good faith estimates, Defendants are expected to continue to argue for evidence preclusion and/or reopening discovery in order to increase the cost of the litigation and delay its result.

If in fact Defendants made a Rule 37(a) disclosure or discovery motion, it was without Defendants' new counsel having made any attempt whatsoever to meet and confer to obtain the information without court assistance nor to advise Plaintiff of contrary authority. The point was

raised obliquely in a motion for partial summary judgment. The said motion it its own terms evidences Defendants' preexisting understanding of what "damages" the Plaintiff has been seeking, at Docket #22-1 page 22 (memorandum page 2), lines 1 through 5. The Plaintiff seeks to recover the business including all of its assets, and values it pursuant to the written testimony of Victor Batinovich at $10 Million. The First Amended Complaint [Docket #3] advises Defendants that Plaintiff seeks the costs of investigation and remedial actions including attorneys and accounting fees both in the Third Claim for Relief and then again in the Eleventh Claim for Relief, which also specifies the DIP counsel fees and United States Trustee fees. No additional discovery is required. A party who knows that the opposition's legal expense may potentially be shifted to it is not entitled to take discovery over and over as the matter heads to trial to find out how that legal expense has been progressing.

It would not be appropriate to sanction the Trustee for failing to complete the damages disclosures prior hereto. *In re Advanced Modular Power Systems, Inc*., 413 B.R. 643, 660-662 (Bankr. S.D. Texas 2009). The Rule is intended to prevent an "ambush." Id. At 660. Here, the Defendants are attempting instead to ambush Plaintiff by using the Rule as a sword rather than a shield. They are not surprised. The information is being and will be supplemented with ample time remaining. *In re First Alliance Mortgage Company*, 471 F.3d 977, 1000 (9th Cir. 2005).

The rights of the Trustee to the whole, going concern business in the instant case are superior to those of a "purchaser" relying on something not outwardly visible. *In re Murrieta Hot Springs*, 6 B.R. 73 (Bankr. C.D. Cal. 1980). Defendants should also be judicially estopped from claiming adverse ownership given that they achieved a favorable result in the Case based on contentions that the business was owned by Debtor. The Defendants rather than the Trustee are in a position to know the value of the business, and have not provided specific information. Liquidation of the assets will establish their value once recovered. But because Mr. Batinovich has declared the value to be as much as $10 Million, that is information available to the Trustee to disclose currently.

The business still exists and therefore can be awarded to the bankruptcy estate in kind. Section 550(a) of the United States Bankruptcy Code may result in a practical limitation on any

alternative money judgment, and particularly if the Trustee does not need to collect enough to pay Mr. Batinovich's asserted proof of claim. But late claims may be filed, and interest on claims may be appropriate..

The updated information in the disclosures below is printed in **BOLD**.

**(A)  Individuals likely to have discoverable information**:

1. Defendants, whose contact information is best known to their counsel.

2. Counsel for the United States Trustee, Nanette Dumas, who was involved at interview(s) during the Chapter 11, whose contact information is known to Victor Batinovich.

3. Old Oakland Road Associates LLC **("OORA")**, a creditor, and its counsel including Robert A. Franklin of Murray & Murray, who moved to convert the Chapter 11 so that a Chapter 7 Trustee could "be appointed to investigate all of these irregularities in the Debtor's estate." Docket #96, p. 12, lines 9-11.  Said landlord incurred attorney fees and costs because of the abusive Chapter 11 filing. **OORA's proof of claim #6 herein includes attorneys fees for obtaining relief from stay.**

4. The Trustee anticipates that the debtor-in-possession's counsel during the Chapter 11 have knowledge regarding their communications with defendants and the documents they filed and arguments that they made in open court. The Trustee believes that these witnesses are aligned with Defendants. **They filed a Rule 1019 Statement indicating that they have an unpaid claim for DIP attorneys fees.**

5. Paul Manasian, a creditor, was attorney for **Debtor IPAC but communicating through Defendant** Victor Batinovich prior to the Chapter 11 and has knowledge of Batinovich's declarations in State Court action(s) in which Defendant(s) are or were parties, which would also be evident on the record in such action(s).

**(B)  Description of Documents**:

6. Filings during the Chapter 11 case, hearings that can be transcribed, UST conferences that can be transcribed, all of which are equally available to Defendants.  Filings in the state court action, all of which are equally available to Defendants. **Plaintiff has subsequently obtained transcriptions of four court hearings which should shortly be available for public viewing;**

one of these was provided as an Exhibit in connection with the motion for partial summary judgment. The Court outlined additional statements made by or on behalf of Defendants, besides those quoted in the First Amended Complaint. The Trustee understands that Defendants have the same documents from Manasian and Rougeau as have been provided subsequently to the Trustee.

7. Proofs of claim on file in the case, which are public records available equally to defendants. **This is summarized in the "Damages" section below.**

8. Materials available to the public via the internet, including screenshots of www.ipac.com. Plaintiff will provide a copy of the i2a Press Release dated January 14, 2008 that attorney John Murray provided to the United States Trustee during the Chapter 11, and screenshots that the Plaintiff has copied from the internet.

9. Materials available to the public via the State of California's website regarding corporate information.

10. The UST Initial Debtor Interview dated January 8, 2008, is attached as Exhibit A.

(C) Computation of damages and (D) Insurance:

1. Plaintiff estimates that the legal expense of obtaining redress through trial will be approximately $100,000.

2. Plaintiff is not informed about the unpaid fees of DIP counsel.

3. The UST has just now stated its unpaid fees as $325.

4. Plaintiff has sought but not yet received an update of the claim amount of OSE, which is being litigated. Plaintiff will provide a copy of the most recent amended POC.

5. Plaintiff has sought but not yet received an update of the claim amount of OORA. Plaintiff will provide a copy of the POC, which Plaintiff believes should be adjusted by deducting the Promissory Note amounts.

6. Plaintiff will provide a copy of the IRS POC.

7. Plaintiff is entitled to recover all costs of administration including compensation to the Trustee and accounting fees incurred by the estate, both of which are dependent upon the results in this Adversary Proceeding and allowance by the Court and cannot be

STROMSHEIM & ASSOCIATES    Case: 08-05333    Doc# 32    Filed: 07/20/10    Entered: 07/20/10 17:21:28    Page 5 of 6

5

**estimated to a meaningful extent at this time.**

DATED: This 20th day of July, 2010.

          STROMSHEIM & ASSOCIATES

          _/s/ Linda Sorensen_
          Attorneys for Plaintiff,
          CAROL W. WU, Trustee