Victor A. Batinovich
3399 West Warren Ave.
Fremont, Ca. 94538
510-770-0322 Office
510-770-0313 Fax

Filing Pro Se



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                                         ) Case No.: No. 07-53563 ASW
INTEGRATED PACKAGING ASSEMBLY CORP.            )
dba IPAC                                       ) Chapter 7
Tax ID# 47-0929011                             )
                 Debtor                        )
-------------------------------------------    )
                                               )
CAROL W. WU, TRUSTEE                            )
                                               )
           Plaintiff,                          )
                                               )
           vs.                                 )   AP # 08-5333
                                               )
                                                   Hearing:
VICTOR A. BATINOVICH;                               Time:
i2a Technology

           Defendant
----------------------------------------

**EMERGENCY EXPARTE REQUEST FOR 90 DAY EXTENSION**

On September 20, 2010 counsel for Defendant, Dennis D. Davis,
Goldberg, Stinnett, & Linchey PC, were granted permission by the court
to withdraw as counsel for Defendants Victor A. Batinovich and i2a
Technology. On September 20th Mr. Batinovich appeared in court without
objection to Mr. Davis's motion to withdraw. At that time Mr.
Batinovich pleaded with the court to allow 90 days to pursue
settlement with the Trustees Office or if unsuccessful to find new
counsel in which to proceed with trial.

**EMERGENCY EXPARTE REQUEST FOR 90 DAY EXTENSION**

- 1 -

Case: 08-05333   Doc# 49   Filed: 10/12/10   Entered: 10/12/10 12:43:08   Page 1 of 27

Following Mr. Batinovich's September 20th appearance in this court he attempted on several occasions, by email, to schedule a settlement meeting with the Trustee. **(Appendix A.)**

The trustee has thus far refused all requests for any such meeting citing that "**We do not need a meeting with you.** Your attorneys have expressed your point of view." Further the trustee has clearly indicated their intent; "**Defendant i2a Technologies is a corporation not represented by counsel and is therefore subject to default and having judgment entered against it.** We anticipate bringing an application to that effect."**(Appendix A,) It is for this reason that the defendants seek an Emergency order from the court allowing the defendants a 90 day extension.**

The defendants have previously requested by email the trustee's points of authority for moving this case forward on behalf of **no** creditors. The Defendants have supplied documented representations to the trustee indicating that to the best of the Defendants' knowledge there are currently no creditors that the Defendant(s) are aware of. The only potential creditors were OSE and South Bay for which the trustee's office was informed by previous counsel for the defendant and counsel for OSE that the civil case of the defendants vs. OSE and South Bay had been settled. Additionally the trustee has been informed that no Federal, State or Municipal taxes are owed by the Defendant(s)(**Appendix B**). There are no secured, unsecured or administrative claims against the defendants other than that made by the trustee. The defendant(s) can only come to the conclusion that the trustee's attorney is pursuing this case on contingency simply to obtain administrative fees.

<u>**EMERGENCY EXPARTE REQUEST FOR 90 DAY EXTENSION**</u>

- 2 -

The Defendant therefore wishes to plead to the court;

(1.) for a 90 day extension to meet and confer with the Trustee so
as to better understand and negotiate a settlement in line
with creditor expectations and that of the court, or, in the
absence of any interest by the Trustee to cooperate, to find
counsel to further represents its interests.

(2.) Further, the defendant(s) request of the court an order
demanding that the trustee disclose to the court and the
defendants what creditors of IPAC it is representing in the
IPAC bankruptcy case.

Dated this 11th day of October, 2010

Victor A. Batinovich

EMERGENCY EXPARTE REQUEST FOR 90 DAY EXTENSION

- 3

COURT SERVICE LIST

Linda Sorensen
Stromsheim & Associates
201 California Street, Suite 350
San Francisco, CA. 94111

EMERGENCY EXPARTE REQUEST FOR 90 DAY EXTENSION

- 4 -

# APPENDIX

A

From: **Linda Sorensen** <lsorensen@stromsheim.com>
Date: Tue, Oct 5, 2010 at 4:39 PM
Subject: FW: Integrated: Wu v. Batinovich and i2a Technologies - settlement
To: Victor@ipac.com

Mr. Batinovich

Settlement communications, like this one is, are confidential and not
admissible as evidence in the underlying disputes.

We have received the consent of Brad Jones and Dennis Davis' firm to
communicate with you directly.

Please note that the Trustee's counteroffer stated August 30, 2010, below,
and renewed September 14, 2010, below, has still not been responded to by
you. Three more weeks have passed. You have no acceptable reason not to
have responded by now whether through Brad Jones or now directly. We do not
agree to any delay of the litigation.

We do not need a meeting with you. Your attorneys have expressed your point
of view. Another such exercise appears to be your reason for wanting a
meeting. Will you pay the Trustee a substantial sum for the bankruptcy
estate, in order to defray the expense of a meeting? Instead, we expect
written acceptance (and performance) of the Trustee's reasonable demand, or
a written counteroffer that is viable.

Please keep in mind that any compromise is subject to approval by the
Bankruptcy Court on notice to creditors. Your views are not shared by the
Bankruptcy Court or the creditors. It was your choice to do various things
that ran up the legal expense of the matter, and that is now part of the
reality that the defendants in the litigation must resolve by settlement or
by trial. If you keep causing the Trustee to incur legal expense, the
result by settlement or by trial will logically be more money.

**Defendant i2a Technologies is a corporation not represented by counsel and
is therefore subject to default and having judgment entered against it. We
anticipate bringing an application to that effect.** Also, the Court's trial
setting conference is on November 8, 2010 at 3:15 p.m. and is generally
conducted telephonically.

Please obtain counsel to represent the defendants, notify us or have that
person notify us, provide this communication to that counsel, and preferably
respond through counsel.


Linda Sorensen  for Stromsheim & Associates, attorneys for Trustee

*[Handwritten note:]* NOT ACCEPTABLE AND THE REASON FOR ASKING THE COURT TO ALLOW ME TO HAVE DIRECT CONTACT / MEETING TO DISCUSS THE SAME - MS. SORENSEN - REFUSED!

# APPENDIX

# B

Case: 08-05333    Doc# 49    Filed: 10/12/10    Entered: 10/12/10 12:43:08    Page 7 of 27



August 30, 2010

Linda Sorensen, Esq.
Stromshein & Associates
201 California Steet, Suite 350

Dear Ms. Sorensen / Ms. Wu –

RE: Carol Wu v. i2a Technologies Inc. and Victor Batinovich

This letter is to inform you, if you are not already aware, IPAC is no longer represented in this bankruptcy case by Mr. Dennis Davis and his firm. In the interim, our current corporate counsel, Mr. Brad Jones will assist in assessing possible settlement with you and trustee. If we are unable to come to a reasonable agreement we do intend to hire bankruptcy council to conclude this matter through the Federal Court System. By copy of this letter I am requesting your office to deliver any written or other material directly to me and or to Mr. Jones office- please do not and I repeat do not forward any information to Mr. Dennis Davis or his office!

With all due respect Ms. Sorensen, I am perplexed as to how the trustee's office can view this matter as stated in numerous pleadings by your counsel, MS. Wu. I am not a lawyer and do not pretend to understand all the legal issues represented, however, I do know all the facts surrounding this case and believe there must be some misrepresentation or misunderstanding as to the timeline and circumstances bringing us all to this point.

I have therefore prepared a timeline of events for your further review along with supporting documents (most if not all I believe you have already been given by IPAC counsel.)

Additionally, I do not understand who you represent as creditors of IPAC. Two weeks ago we concluded the matter of IPAC vs. OSE. Thus there remain no creditors other than the Manasian Law firm, who we intend to possibly sue for malpractice, as their misrepresentation led to the bankruptcy filing in the first place. There are no tax liabilities to IPAC by Federal, State or municipal taxing authorities of which I am aware of. The only secured creditor of IPAC is me- Victor Batinovich.

While it is my desire to move forward to equitably resolve this matter, please understand that I have spent a great deal of money defending something that makes no sense to me and appears to me to be a miscarriage of justice.

3399 West Warren Ave, Fremont CA 94538
Tel: (510) 770 - 0322 Fax: (510) 770-03130
www.i2a-tech.com or www.ipac.com



To the extent that you are open for a possible and reasonable settlement discussion, I am willing to participate.

Thank you for your consideration,

Sicerely

Victor Batinovich
for and on behalf of i2a Technologies / self

CC: HON ARTHUR S. WEISSBRODT

3399 West Warren Ave, Fremont CA 94538
Tel: (510) 770 - 0322 Fax: (510) 770-03130
www.i2a-tech.com or www.ipac.com





**TECHNOLOGIES**

# *Key points and time line*

RE: *Carol Wu v. i2a Technologies Inc., Victor Batinovich*

<u>*August / September 2003*</u>
- *OSE sells its US operating assets to IPAC for **$750,000.***
- **NOTE:** *OSE_IPAC ongoing dispute concerning asset purchase agreement was resolved August 2010– the purchase price was reduced from the original $1,000k to **$750,000** as a compromise for missing assets OSE did not deliver.*

<u>*2004*</u> *IPAC closes its plating facility inherited through the original purchase from OSE, and disposes all equipment associated with plating function, thus further reducing the value of IPAC's assets!*

<u>*2005 April i2a Technologies was incorporated*</u>

- *I2a bank account established;I2a absorbs AIS an IP company*
- *I2a Technologies licenses some of its IP to PTA ( total cost ~$1,500K)*

<u>*2006 January*</u> *i2a purchases all assets from IPAC for **$750,000** and in addition, i2a pays all IPAC's known creditors (app. **$548,000**) ; total price i2a paid **$1,298,000.***

<u>*Creditor Summary:*</u>
1. *OSE –IPAC settled*
2. *South Bay / OORA – settled*
3. *Joe Sully - settled*
4. *IPAC has **no unpaid taxes** IPAC filed all taxes up to 2009*
5. *Manasian Law firm– this matter is in dispute;*

Cc: *Hon. Arthur S. Weissbrodt*

*October 5, 2010*

*3399 West Warren Ave, Fremont CA 94538*
*Tel: (510) 770 - 0322 Fax: (510) 770-03130*
*www.i2a-tech.com or www.ipac.com*

from Victor Batinovich <victor@ipac.com>
to           lsorensen@stromsheim.com
cc           Brad Jones <BJones@nkfjlaw.com>,
             Fred Keolling <fkoelling@ipac.com>
date         **Mon, Sep 20, 2010 at 4:37 PM**
subject      meeting request
mailed-by    ipac.com

*[handwritten: BETWEEN SEPT. 20, 2010 AND OCTOBER 5TH 2010 MS. SORENSEN DID NOT MAKE ANY ATTEMPTS. SHE DID NOT EVEN ACKN. MY EMAIL. VB]*

Dear Ms. Sorensen,

At today's hearing Mr. Davis withdrew and no longer represents IPAC in the IPAC bankruptcy case.
Prior to Mr. Davis withdrawal, and knowing that such was in works, I asked Mr. Brad Jones to assist me in this discussion and possible settlement with you. Currently all remaining IPAC related legal cases (OSE, South Bay, Sully etc) have been settled. Subsequently, I have sent you a number of documents with a summary of all events, including OSE settlement information as related to this which would further **clarify any fuzzy areas and or misunderstandings you may have**.
I would like to request a meeting (your office / our office or?? ) where we could discuss a possible settlement. I would appreciate a response as to your interest in having this meeting as soon as possible.

Regards,

Victor Batinovich
i2a Technologies
3399 West Warren Ave,
Fremont, CA 94538
510 770 0322 - x 3688
408 460 - 6520 cell
Skype: victorbat
victor@ipac.com
www.i2a-tech.com

*[handwritten: ON OCTOBER 5, 2010 I SENT A FOLLOW UP EMAIL / LETTER STATING IT WAS IMPORTANT LETTER & I ASKED HER / THEM TO RESPOND. VB. ALL EMAILS SINCE THEN ARE ATTACHED]*

----- After it has been sent - this email will be deleted from our system -------

The information transmitted is intended only for the person or the entity to which is addressed and may contain confidential and / or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from email system.
ITAR CONTROLLED: U.S Export law as contained in the International Traffic In Arms Regulations (ITAR) may be applicable to the information contained in any drawing, file, document, verbal communications or email related to this project. This information is not to be placed in the public domain, exported from the U.S., transferred to a foreign person or foreign entity, or given to any foreign person in the U.S., without the prior, specific written, authorization of i2a Technologies, the U.S. Department of State or, the U.S. Department of Commerce as applicable.

from Victor Batinovich <victor@ipac.com>
to                lsorensen@stromsheim.com
cc                Brad Jones <BJones@nkfjlaw.com>,
                  Fred Keolling <fkoelling@ipac.com>
date              Tue, Oct 5, 2010 at 4:58 PM
subject           RE: Ms. C. Wu v. i2a technologies
mailed-by         ipac.com

Please respond - Very important.

This will be faxed as well as sent by post.

*ATTACHED LETTER WAS INCLUDED IN THIS EMAIL.*

--
Victor Batinovich
i2a Technologies
3399 West Warren Ave,
Fremont, CA 94538
510 770 0322 - x 3688
408 460 - 6520 cell
Skype: victorbat
victor@ipac.com
www.i2a-tech.com

------------------------------ This email will be deleted from our system------------------------

The information transmitted is intended only for the person or the entity to which is addressed and may contain confidential and / or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and delete the material from email system.
**ITAR CONTROLLED:** U.S Export law as contained in the International Traffic In Arms Regulations (ITAR) may be applicable to the information contained in any drawing, file, document, verbal communications or email related to this project. This information is not to be placed in the public domain, exported from the U.S., transferred to a foreign person or foreign entity, or given to any foreign person in the U.S., without the prior, specific written, authorization of i2a Technologies, the U.S. Department of State or, the U.S. Department of Commerce as applicable.

**Ms. Sorensen_CONFIRM_ RQST.doc**
37K   View   Download

Reply Reply to all         Forward



October 5, 2010

Linda Sorensen, Esq.
Stromshein & Associates
201 California Steet, Suite 350

RE: Carol Wu v. i2a Technologies Inc., and Victor Batinovich

Dear Ms. Sorensen:

I am writing to follow up on the September 20, 2010, court hearing and my recent email.

At September 20, 2010 court hearing, I advised the court our desire, and requested the court's permission to speak / discuss directly with you settlement of this case. I asked the court for 90 days to explore this settlement with you / Ms. Wu and to the extent we don't reach such, then as necessary, to retain counsel for i2a Technologies Inc. and Victor Batinovich. At that hearing you told the court you agreed with this request.
I dont know if Attorney Davis ( D. Davis ) informed you, Attorney Brad Jones stopped representing i2a Technologies Inc. and Victor Batinovich when D. Davis was hired on.

Although D. Davis withdrew from the case, subsequently you asked him and Brad Jones for their permission to speak with me directly, and both approved such, and confirmed with you that you were authorized to communicate with me directly for i2a technologies and Victor Batinovich during this 90 day time period.

My recent email Dated September 20, 2010, was an attempt to confirm this agreement, to avoid any misunderstanding, and to make sure that during this time (90 day period while i2a Technologies and I proceed without counsel, and before we hire one), you did not take any action against i2a Technologies or me while we are discussing this matter directly.
Please confirm, by signing this letter that from September20, 2010 for period of 90 days, you will not take any action against i2a Technologies Inc. because it does not have an attorney.

Please contact me immediately if my understanding is inaccurate in any part.

Sincerely

Victor Batinovich CEO
i2a Technologies Inc.

Cc: Hon Arthur S. Weissbrodt

By: email, fax and post

3399 West Warren Ave, Fremont CA 94538
Tel: (510) 770 - 0322 Fax: (510) 770-03130
www.i2a-tech.com or www.ipac.com



October 5, 2010
Page 2

RE: Carol Wu v. i2a Technologies Inc. Victor Batinovich

Confirmation:

I Linda Sorensen, on behalf of the Plaintiff Carol Wu, Chapter 7 Panel Trustee, agree that Plaintiff in the above matter, and for period of 90 days from September 20, 2010, will not take any action against i2a Technologies Inc. because it is without counsel and without prior notice to Victor Batinovich.

Dated: October____ ,2010            _____

                                                    Linda Sorensen, Esq.

3399 West Warren Ave, Fremont CA 94538
Tel: (510) 770 - 0322 Fax: (510) 770-03130
www.i2a-tech.com or www.ipac.com

from    Linda Sorensen <lsorensen@stromsheim.com>
to      Victor Batinovich <victor@ipac.com>
cc      Brad Jones <BJones@nkfjlaw.com>,
        Fred Keolling <fkoelling@ipac.com>
date    Tue, Oct 5, 2010 at 5:25 PM
subject RE: Ms. C. Wu v. i2a technologies

Mr. Batinovich.

You are completely wrong in your assertion.  There is no agreement to wait 90 days.  **Not in Court on September 20.
Not now.  Additionally, you have now demonstrated that you are unreliable in connection with oral
communications.  You will therefore communicate with us only in writing.**  Preferably, get counsel.

Attached is the Court's order confirming the setting of the November 8 hearing, which was entered today.

Although I sent you a settlement counter-demand reminder today, you failed even to acknowledge receipt.  We have
every confidence that **Brad Jones told you about it when it was first made in August**, and when a September
reminder was sent.  We have every confidence that you received today's reminder.

Seems to us that this kind of behavior – **anything to obtain delay** – is what started this trouble.  Do not expect the
Trustee to be taken in by it.  The Trustee is going forward with trial asap, and as I previously stated, with default of the
unrepresented corporate defendant.

Linda Sorensen

*MY DESIRE IS TO RESOLVE c̄ NOT DELAY
WHAT REASON(S) WOULD I HAVE TO
JUSTIFY THIS DELAY ??*

From: **Victor Batinovich** <victor@ipac.com>
Date: Tue, Oct 5, 2010 at 5:38 PM
Subject: Re: FW: Integrated: Wu v. Batinovich and i2a Technologies - settlement
To: Linda Sorensen <lsorensen@stromsheim.com>
Cc: Brad Jones <BJones@nkfjlaw.com>, Fred Keolling <fkoelling@ipac.com>


Linda,


Thank you for your email.
With all due respect, I am requesting a meeting / discussion to which you agreed during the court hearing on September 20, 2010.
At that hearing, I requested the courts permission to grant us 90 days to communicate with you about possible settlement, and in absence of the same for i2a to hire a legal representative.  Hon. Arthur Weissbrodt asked you and you agreed to such meeting / discussion .
Since that September 20, 2010  hearing, although I requested such meeting, there was no meeting, discussion / exchange of offer/counter offer of any kind, directly with us or indirectly, so for you to state that "our attorney has expressed my / our point of view" is totally incorrect and out of line.

Once again I am requesting a meeting where we can sit down discuss / clarify any components of this litigation, after which we can discuss possible settlement.

Please give us some possible dates and times to meet and discuss!


Thank you

From: **Linda Sorensen** <lsorensen@stromsheim.com>
Date: Tue, Oct 5, 2010 at 6:37 PM
Subject: RE: FW: Integrated: Wu v. Batinovich and i2a Technologies - settlement
To: Victor Batinovich <victor@ipac.com>
Cc: Brad Jones <BJones@nkfjlaw.com>, Fred Keolling <fkoelling@ipac.com>

*VICTORY IN COMMENTS IN CAPITAL LETTERS*

Mr. Batinovich

Your additional email below, has already been answered.  **There is no agreement for a meeting.**

**LINDA - LETS NOT GO BACK AND FORTH HERE- I AM CERTAIN WE CAN OBTAIN A TRANSCRIPTS - ONE OF US DEFINITIVELY HAS VIVID IMAGINATION!**

**MY ARGUMENT / CLARIFICATION WAS RELATED TO YOU TRYING TO CONVINCE HON. WEISSBRODT THAT MR. JONES WAS REPRESENTING US IN THIS MATTER, AND I CLARIFIED WHILE HE IS OUR COUNSEL AND REPRESENTING US IN TOTALLY DIFFERENT MATTER, HE IS NOT OUR COUNSEL ON RECORD FOR THIS PARTICULAR CASE. I ALSO STATED THAT I DID ASK MR. JONES TO ASSIST ME IN ANY NEGOTIATIONS WITH TRUSTEE AND YOU MS. SORENSEN!!**

As the Judge patiently ATTEMPTED to explain to you as you constantly interrupted him, I could not communicate with you directly – not even in writing - without consent of the counsel who had been speaking for you.  There was nothing more than that – his telling you why I could not speak to you - which occurred on September 20, other than granting Mr. Davis' motion.

**SO LINDA - WHAT YOU ARE TELLING ME THAT HON. MR. WEISSBRODT DID NOT ASK YOU POINT BLANK IF YOU ARE WILLING TO SPEAK WITH ME DIRECTLY AND TRY TO SETTLE OUT OF THE COURT, AND THAT YOU AGREED TO DO SO!**

**Settlement is a voluntary matter.**  We are willing to exchange written settlement proposals NOW.  I made that clear.  We are not willing to wait.  **We are not willing to meet.  We are not even willing to have a conversation with you, except possibly in the presence of a Court Reporter who you prepay to prepare the transcript copies.**

If you were not clear on it before, you are certainly clear on it now.

**VERY CLEAR MS. SORENSEN!!**

But **what an imagination you must have to pretend that we agreed** to a 90 day delay,

**CAN YOU POINT ONE PLACE WHERE I STATED THAT YOU AGREED TO 90 DAY EXTENSION  ????**

completely undefined, when the reality is that there is a trial-setting conference November 8 with very serious requirements we each must meet a week prior.

You can't just show up in Federal court and start asking for things to be "granted" to you that were not properly noticed for hearing.  Get the transcript.  **We have gone to the effort of formulating a written settlement offer, and we have made sure that you cannot claim not to know.  You won't respond.**

**YOUR AUGUST OFFER WAS NOT ACCEPTABLE AND THAT IS WHY ON SEPTEMBER 20, 2010 DURING THE COURT HEARING, I ASKED FOR the PERMISSION TO MEET/ SPEAK WITH YOU AND TRY TO SETTLE.**

**SINCE SEPTEMBER 20, 2010 WHEN I SENT YOU EMAIL REQUESTING SUCH MEETING, CAN YOU PLEASE ARTICULATE EXACTLY WHAT YOU HAVE DONE TO THIS DATE, WHAT ATTEMPTS AND WHEN. PLEASE BE SPECIFIC!!**

**NOT A THING MS. SORENSEN!!**

**CAN YOU PLEASE REPORT THAT TO THE COURT!!!    I WILL!!!**

This will be reported to the Court – not the terms demanded, but the failure to respond in good faith. We have a heavy box of documents for you, Bates-stamped, **that we have been asking where they should go.**

**SORRY I MUST HAVE MISSED THAT EMAIL AND OR THE TELEPHONE  CALL! OR WAS IT FAX??? CAN YOU PLEASE TELL ME WHOM DID YOU ASK / CONTACT?**

Although you have said not to send them to Dennis Davis (your email dated August 30), you have not made other arrangements.

**FOR YOUR REFERENCE ENCLOSED PLEASE FIND THAT LETTER I MAILED TO YOU on August 30, AND ONE YOU ARE REFERENCING ABOVE AND IN THERE YOU WILL FIND YOUR ANSWERS.**

 **i copied one part which deals with this question, and the entire document is attached for your reference. Please read it!**

*"By copy of this letter I am requesting your office to deliver any written or other material directly to me and or to Mr. Jones office- please do not and I repeat do not forward any information to Mr. Dennis Davis or his office!"*

**SO WHICH PART DIDN'T YOU UNDERSTAND ???**

They cost us a lot to have a copy made for you, a few of them will be important for trial, and we expect their receipt to be acknowledged and that **you will give them to your trial attorney intact**.

**ARE YOU SAYING IT COST YOU MORE TO COPY THESE FOR ME THAN IF WE HAD A LEGAL COUNSEL?  IF NOT WHAT ARE YOU TRYING TO TELL US???** YOU REQUESTED AND  I GATHERED A LOT OF DOCUMENTS, COPIED THEM AND **MAILED** THEM TO YOU AT OUR EXPENSE ! Hmmm!

**THANK YOU FOR YOUR GENEROUS  ADVISE**

 Who will pick them up and sign for them during limited staff hours at our office?  Please make advance arrangements so that I can tell the staff which ones they are and to prepare the receipt.

**I WILL GIVE YOU OUR FEDEX # SO THAT YOUR OFFICE CAN SEND IT TO US!!!**

Linda Sorensen

Victor Batinovich
<victor@ipac.com>

| | |
|---|---|
| to | Linda Sorensen<br><lsorensen@stromsheim.com> |
| cc | Brad Jones <BJones@nkfjlaw.com>,<br>Fred Keolling <fkoelling@ipac.com> |
| date | Tue, Oct 5, 2010 at 8:47 PM |
| subject | Wu v. Batinovich and i2a Technologies -<br>settlement |
| mailed-by | ipac.com |

hide details 8:47 PM (13 hours ago)

*Linda,*

Although I did **not ask for any**, I do appreciate your opinions / advise, and for now I will not comment about.

As to your proposal which you made in August and prior to September 20, 2010 court hearing, I can tell you it is not justified, it was not acceptable in August when you presented it, and certainly it is not acceptable now.

For that reason Ms. Sorensen, on September 20, 2010, during the court hearing I requested the court's permission to speak with you directly and try to settle this case.

On September 20, 2010, and after I returned to my office from the court, I emailed you our request for such meeting / discussion. I also know, on September 20, 2010, you requested their permission for you to interact with me directly, and Mr. Jones and Mr. Davis ( one of his staff ) responded to you and authorized you to proceed.
Since September 20, 2010, you have not made **any attempt to communicate** with me in person, by telephone, fax or email.

Your accusations / opinions aside, once again I am requesting a meeting to discuss this case, where we can clarify any point you may have, after which point we can try to reach a reasonable settlement agreement ( not shake down).

During the court hearing, I requested 90 days to have an opportunity to meet discuss and attempt to settle and to the extent we did not reach such settlement, I informed the court that we will hire a legal representative to take this case to the finish line.

Given the fact that you reneged on your promise to HON. MR. WEISSBRODT during that court hearing, I will file a motion with the court and request the court to grant us such time Ms. Sorensen!

I cannot understand your demonstrated hostility; perhaps I dont need to!      Hmmmm!

Please see other comments / answers below.



STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
PO BOX 942857
SACRAMENTO CA 94257-2021

Notice Date:

# APPLICATION FOR CERTIFICATE OF REVIVOR

*IPAC*

Before the California Franchise Tax Board

**In the Matter of the Application for Certificate of Revivor of:**

Entity Number : *C 2548209*

FEIN Number : *47-0929011*

SOS Number : *C-2548209*

Entity Name : *INTegrated Packaging Assembly Corp*

Address : *2221 Old OAKland Road*
*San Jose, CA 95131*

I request relief from suspension or forfeiture for this entity. I previously submitted or I am enclosing all required payments, returns, or documents.

Print Name *Victor Batinovich*          Title *CEO*

Signature *[signature]*          Date *6/21/2010*

Daytime Phone Number *510-770-0322*

Those who can sign this application on behalf of an entity (domestic or foreign) include:

- Any stockholder, creditor, member, general partner, or officer.
- Any person having an interest in relief from suspension or forfeiture.

Domestic entities can also have a majority of the surviving trustees or directors sign on their behalf.

FTB 3557 BC (REV 11-2009)

PAY Four thousand three Hundred NiNTY seveN & .57/100

TO THE ORDER OF  STATE Franchise Tax.

DATE 7-14-2010  AMOUNT $4,397.57/100

_L. Sanun_
AUTHORIZED SIGNATURE

⑈"03729⑈"  ⑊:322070381⑊:  87801221⑊"

I2A TECHNOLOGIES INC. *
3399 W. WARREN AVE. * FREMONT, CA 94538-6424

I2AL

37291

| Tax | 2007 | 2008 | 2009 | 2010 | Secretary OF State |
|---|---|---|---|---|---|
| Tax | $800 | 800 | 800 | 800 | |
| DeliquenT | 200 | 200 | | 29.28 | 250 |
| Est PeNalTy | 58.70 | 49.55 | 160 | | |
| INT | 138.88 | 63.26 | 34.98 | | |
| | | | 12.92 | | |

$1,197.58   $1,112.81   $1,007.90   $829.28   250

CREDITS

| Number | Date | Transaction Description | | Additions |
|---|---|---|---|---|
| | 07-28 | Credit Memo | | |
| | 07-30 | Deposit | LN 3002373 REFUND LN FEE LN CANCELLE | 1,000.00 |
| | | | | 51,187.52 |

CHECKS

| Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|
| 37284 | 07-02 | 1,431.15 | 37299 | 07-26 | 2,524.20 |
| 37289 * | 07-13 | 1,706.25 | 37300 | 07-27 | 260.42 |
| 37290 | 07-12 | 8,660.00 | 37301 | 07-26 | 3,954.63 |
| 37291 | 07-26 | 4,397.57 | 37302 | 07-26 | 1,191.92 |
| 37292 | 07-15 | 106.86 | 37303 | 07-22 | 250.00 |
| 37293 | 07-19 | 212.17 | 37304 | 07-21 | 50,000.00 |
| 37294 | 07-16 | 10,000.00 — NOT | 37305 | 07-30 | 675.00 |
| 37295 | 07-26 | 3,682.80  NOT | 37306 | 07-26 | 2,659.28 |
| 37298 * | 07-26 | 1,500.00 | * Skip in check sequence | | |

DEBITS

| Date | Transaction Description | | Subtractions |
|---|---|---|---|
| 07-02 | Debit Memo | BB+ WIRE MODULE | 22.00 |
| 07-02 | Debit Memo | BUSINESS BRIDGE PL S | 15.00 |

# California Corporation Franchise or Income Tax Return

FORM
**100**

For calendar year 2009 or fiscal year beginning month____ day____ year____, and ending month____ day____ year____

| | |
|---|---|
| Corporation name | California corporation number |
| Integrated Packing Assembly Corporation | 2 5 4 8 2 0 9 |
| Address (suite, room, or PMB no.) | FEIN |
| 2221 Old Oakland Road | 4 7-0 9 2 9 0 1 1 |
| City | State | ZIP Code |
| San Jose | Ca | 95131 |

**Schedule Q Questions** *(continued on Side 2)*

A **1. FINAL RETURN?** ☐ Dissolved ☐ Surrendered (withdrawn)
☐ Merged/Reorganized ☐ IRC Section 338 sale ☐ QSub election
Enter date ●_____

**2. DEFERRED INCOME.** Did this corporation elect to defer
income from the discharge of indebtedness as described
in IRC Section 108(i) for federal purposes? ● ☐ Yes ☐ No

If "Yes," enter the **federal** deferred income from
discharge of indebtedness.......................... ● $_____

B **1.** Is income included in a combined report of a
unitary group? .................................... ● ☐ Yes ☐ No
**2.** If "Yes," indicate: ☐ wholly within CA (R&TC 25101.15)
☐ within and outside of CA
**3.** Is there a change in the members listed in
Schedule R-7 from the prior year? ............. ● ☐ Yes ☐ No
**4.** Enter the number of members (including parent
or key corporation) listed in the Schedule R-7,
Part I, Section A, subject to income or franchise tax .. ●
**5.** Is form FTB 3544 attached to the return? ......... ● ☐ Yes ☐ No

### State Adjustments

| | | | |
|---|---|---|---:|
| 1 | Net income (loss) before state adjustments. See instructions ............................... ● | 1 | 0 00 |
| 2 | Amount deducted for foreign or domestic tax based on income or profits from Schedule A ........... ● | 2 | 00 |
| 3 | Amount deducted for tax under the provisions of the Corporation Tax Law from Schedule A .......... ● | 3 | 00 |
| 4 | Interest on government obligations ............................................. ● | 4 | 00 |
| 5 | Net California capital gain from Side 5, Schedule D, line 11............................. ● | 5 | 00 |
| 6 | Depreciation and amortization in excess of amount allowed under California law. Attach form FTB 3885 .. ● | 6 | 00 |
| 7 | Net income from corporations not included in federal consolidated return. See instructions ....... ● | 7 | 00 |
| 8 | Other additions. Attach schedule(s) ............................................ ● | 8 | 00 |
| 9 | Total. Add line 1 through line 8. .............................................. ● | 9 | 0 00 |
| 10 | Intercompany dividend deduction. Attach Schedule H (100) ...... ● 10 | 00 | |
| 11 | Dividends received deduction. Attach Schedule H (100) ....... ● 11 | 00 | |
| 12 | Additional depreciation allowed under CA law. Attach form FTB 3885 .. ● 12 | 00 | |
| 13 | Capital gain from federal Form 1120, line 8 .............. ● 13 | 00 | |
| 14 | Contributions ............................ ● 14 | 00 | |
| 15 | EZ, LAMBRA, or TTA business expense and EZ net interest deduction.. ● 15 | 00 | |
| 16 | Other deductions. Attach schedule(s). ............. ● 16 | 00 | |
| 17 | Total. Add line 10 through line 16. ............................................ ● | 17 | 00 |
| 18 | Net income (loss) after state adjustments. Subtract line 17 from line 9 ...................... ● | 18 | 0 00 |

### CA Net Income

| | | | |
|---|---|---|---:|
| 19 | Net income (loss) for state purposes. Complete Schedule R if apportioning income. See instructions ... ● | 19 | 0 00 |
| 20 | Net operating loss (NOL) carryover deduction. See instructions ..... ● 20 | 00 | |
| 21 | Pierce's disease, EZ, LARZ, TTA, or LAMBRA NOL carryover deduction. See instructions .............................. ● 21 | 00 | |
| 22 | Disaster loss carryover deduction. See instructions........ ● 22 | 00 | |
| 23 | Net income for tax purposes. Combine line 20 through line 22. Then, subtract from line 19 ....... ● | 23 | 0 00 |

### Taxes

| | | | |
|---|---|---|---:|
| 24 | Tax_____% x line 23 (not less than minimum franchise tax, if applicable) ................... ● | 24 | 0 00 |
| 25 | New jobs credit .......a) amount generated ● _____ b) amount claimed .............. ● | 25b | 0 00 |
| 26a | Credit name_____ code no. ____ ____ amount . ▶ 26a | 00 | |
| b | Credit name_____ code no. ____ ____ amount . ▶ 26b | 00 | |
| 27 | To claim more than two credits, see instructions........... ● 27 | 00 | |
| 28 | Add line 25b through line 27 ................................................ ● | 28 | 0 00 |
| 29 | **Balance.** Subtract line 28 from line 24 (not less than minimum franchise tax, if applicable) ............. ● | 29 | 0 00 |
| 30 | Alternative minimum tax. Attach Schedule P (100). See instructions....................... ● | 30 | 00 |
| 31 | **Total tax.** Add line 29 and line 30. .......................................... ● | 31 | 0 00 |

### Payments

| | | | |
|---|---|---|---:|
| 32 | Overpayment from prior year allowed as a credit ● ....... 32 | 00 | |
| 33 | **2009 Estimated tax payments.** See instructions ......... 33 | 00 | |
| 34 | 2009 Resident/nonresident or real estate withholding. See instructions ● 34 | 00 | |
| 35 | Amount paid with extension of time to file tax return......... 35 | 00 | |
| 36 | Total payments. Add line 32 through line 35 ...................................... ● | 36 | 0 00 |

3601093

Form 100 c1 2009 **Side 1**

Case: 08-05333    Doc# 49    Filed: 10/12/10    Entered: 10/12/10 12:43:08    Page 22 of 27

2009

| | | | |
|---|---|---|---|
| 37 | **Franchise or income tax due.** If line 31 is more than line 36, subtract line 36 from line 31. Go to line 40 ● | 37 | 0 00 |
| 38 | **Overpayment.** If line 36 is more than line 31, subtract line 31 from line 36. | 38 | 00 |
| 39 | Amount of line 38 to be credited to 2010 estimated tax | 39 | 00 |
| 40 | **Use tax. This is not a total line.** See instructions ● 40 00 | | |
| 41 | **Refund.** If the sum of line 39 and line 40 is less than line 38, then subtract the result from line 38. ● | 41 | 0 00 |
| | See instructions to have the refund directly deposited. **a** Routing number | | |
| | **b** Type: Checking ● ☐ Savings ● ☐ **c** Account number ● 41a ● 41c | | |
| 42 | **a** Penalties and interest. | 42a | 00 |
| | **b** ● ☐ Check if estimate penalty computed using Exception B or C. See instructions. | | |
| 43 | **Total amount due.** Add line 37, line 39, line 40, and line 42a. Then, subtract line 38 from the result. | 43 | 0 00 |

**Schedule Q Questions (continued from Side 1)**

**C** If the corporation filed on a water's-edge basis pursuant to R&TC Sections 25110 and 25113 in previous years, enter the date the water's-edge election ended ● _____ / ___ / ___

**D** Was the corporation's income included in a consolidated federal return? .................... ● ☐ Yes ☐ No

**E** Principal business activity code.
(Do not leave blank): ● |__|__|__|__|
Business activity _____
Product or service _____

**F** Date incorporated: ● ___ / ___ / ___
Where: ● State ___ / ___ Country ___

**G** Date business began in California or date income was first derived from California sources ● ___ / ___ / ___

**H** First return? ● ☐ Yes ☐ No If "Yes" and this corporation is a successor to a previously existing business, check the appropriate box.
● (1) ☐ sole proprietorship (2) ☐ partnership (3) ☐ joint venture (4) ☐ corporation (5) ☐ other _____
(attach statement showing name, address, and FEIN/SSN/ITIN of previous business)

**I** "Doing business as" name. See instructions: ● _____

**J** 1. For this taxable year, was there a change in control or majority ownership for this corporation or any of its subsidiaries that owned or (under certain circumstances) leased real property in California? .... ● ☐ Yes ☐ No
2. For this taxable year, did this corporation or any of its subsidiaries acquire control or majority ownership of any other legal entity that owned or (under certain circumstances) leased real property in California? .... ● ☐ Yes ☐ No
3. If this corporation or any of its subsidiaries owned or (under certain circumstances) leased real property in California, has more than 50% of the voting stock of any one of them cumulatively transferred in one or more transactions since March 1, 1975, which was not reported on a previous year's tax return? ....... ● ☐ Yes ☐ No
(Penalties may apply – see instructions.)

**K** At any time during the taxable year, was more than 50% of the voting stock:
1. Of the corporation owned by any single interest? ... ● ☐ Yes ☐ No
2. Of another owned by this corporation? ........ ● ☐ Yes ☐ No

3. Of this and one or more other corporations owned or controlled, directly or indirectly, by the same interests? ● ☐ Yes ☐ No
If 1 or 3 is "Yes," enter the country of the ultimate parent _____
If 1, 2, or 3 is "Yes," furnish a statement of ownership indicating pertinent names, addresses, and percentages of stock owned. If the owner(s) is an individual, provide the SSN/ITIN.

**L** Has the corporation included a reportable transaction or listed transaction within this return? (See instructions for definitions) ................. ● ☐ Yes ☐ No
If "Yes," complete and attach federal Form 8886 for each transaction.

**M** Is this corporation apportioning income to California using Schedule R? ........................... ● ☐ Yes ☐ No

**N** How many affiliates in the combined report are claiming immunity from taxation in California under Public Law 86-272? _____

**O** Corporation headquarters are: ● (1) ☐ Within California
(2) ☐ Outside of California, within the U.S. (3) ☐ Outside of the U.S.

**P** Location of principal accounting records _____

**Q** Accounting method: ● (1) ☐ Cash (2) ☐ Accrual (3) ☐ Other

**R** Does this corporation or any of its subsidiaries have a Deferred Intercompany Stock Account (DISA)? ........ ● ☐ Yes ☐ No
If "Yes," enter the total balance of all DISAs ● $ _____

**S** Is this corporation or any of its subsidiaries a RIC? ... ● ☐ Yes ☐ No

**T** Is this corporation treated as a REMIC for California purposes? ..................... ● ☐ Yes ☐ No

**U** Is this corporation a REIT for California purposes? .... ● ☐ Yes ☐ No

**V** Is this corporation an LLC or limited partnership electing to be taxed as a corporation for federal purposes? .................................... ● ☐ Yes ☐ No

**W** Is this corporation to be treated as a credit union? .. ● ☐ Yes ☐ No

**X** Is the corporation under audit by the IRS or has it been audited by the IRS in a prior year? ....... ● ☐ Yes ☐ No

**Y** Have all required information returns (e.g. federal Forms 1099, 5471, 5472, 8300, 8865, etc.) been filed with the Franchise Tax Board? ........... ● ☐ N/A ● ☐ Yes ☐ No

**Z** Does the taxpayer (or any corporation of the taxpayer's combined group, if applicable) own 80% or more of the stock of an insurance company? ......... ● ☐ Yes ☐ No

**AA** Did this corporation file the federal Schedule M-3 (Form 1120/1120-F)? ........... ● ☐ Yes ☐ No

| | | | | |
|---|---|---|---|---|
| **Sign Here** | Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. | | | |
| | Signature of officer ▶ | Title CEO | Date 6/18/2010 | ● Telephone ( 510 ) 770-0322 |
| **Paid Preparer's Use Only** | Preparer's signature ▶ Victor Batinovich | Date 6/18/2010 | Check if self-employed ▶ ☐ | ● Preparer's SSN/PTIN |
| | Firm's name (or yours, if self-employed) and address ▶ | | | ● FEIN |
| | | | | ● Telephone |
| | May the FTB discuss this return with the preparer shown above? See instructions ................... ● ☐ Yes ☐ No | | | |

Side 2  Form 100 c1 2009

3602093

**For Privacy Notice, get form FTB 1131.**

# California Corporation
# Franchise or Income Tax Return

FORM
**100**

For calendar year 2008 or fiscal year beginning month____ day____ year____ , and ending month____ day____ year____ .

| Corporation name | California corporation number |
|---|---|
| Integrated Packaging Assembly Corporation | 2 5 4 8 2 0 9 |
| Address (including suite, room, or PMB no.) | FEIN |
| 2221 Old Oakland Road | 4 7 0 9 2 9 0 1 1 |

| City | | State | ZIP Code |
|---|---|---|---|
| San Jose | | Ca | 95131 |

**Schedule Q Questions** *(continued on Side 2)*

**A** FINAL RETURN? ● ☐ Dissolved ☐ Surrendered (withdrawn)
☐ Merged/Reorganized ☐ IRC Section 338 sale ☐ QSub election
Enter date ●

**B 1.** Is income included in a combined report of a
unitary group? . . . . . . . . . . . . . . . . . . . . . . . . . ● ☐ Yes ☐ No

**2.** If "Yes," indicate: ☐ wholly within CA (R&TC 25101.15)
☐ within and outside of CA

**3.** Is there a change in the members listed in
Schedule R-7 from the prior year? . . . . . . . . . . . . . ● ☐ Yes ☐ No

**4.** Enter the number of members (including parent
or key corporation) listed in the Schedule R-7,
Part I, Section A, subject to income or franchise tax ●

**5.** Is form FTB 3544 attached to the return? . . . . . . . . ☐ Yes ☐ No

| | | | Whole dollars only | |
|---|---|---|---|---|
| **State Adjustments** | 1 Net income (loss) before state adjustments. See instructions . . . . . . . . . . . . . . . . . | ● 1 | | 0 00 |
| | 2 Amount deducted for foreign or domestic tax based on income or profits from Schedule A . . . | ● 2 | | 00 |
| | 3 Amount deducted for tax under the provisions of the Corporation Tax Law from Schedule A . . . | ● 3 | | 00 |
| | 4 Interest on government obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 4 | | 00 |
| | 5 Net California capital gain from Schedule D, line 11 . . . . . . . . . . . . . . . . . . . . . . . . | ● 5 | | 00 |
| | 6 Depreciation and amortization in excess of amount allowed under California law. Attach form FTB 3885 . . . | ● 6 | | 00 |
| | 7 Net income from corporations not included in federal consolidated return. See instructions . . | ● 7 | | 00 |
| | 8 Other additions. Attach schedule(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 8 | | 00 |
| | 9 Total. Add line 1 through line 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 9 | | 0 00 |
| | 10 Intercompany dividend deduction. Attach Schedule H (100) . . . . . . . | ● 10 | 00 | |
| | 11 Dividends received deduction. Attach Schedule H (100) . . . . . . . . . | ● 11 | 00 | |
| | 12 Additional depreciation allowed under CA law. Attach form FTB 3885 . . | ● 12 | 00 | |
| | 13 Capital gain from federal Form 1120, line 8 . . . . . . . . . . . . . . . | ● 13 | 00 | |
| | 14 Contributions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 14 | 00 | |
| | 15 EZ, LAMBRA, or TTA business expense and EZ net interest deduction . . | ● 15 | 00 | |
| | 16 Other deductions. Attach schedule(s) . . . . . . . . . . . . . . . . . . . | ● 16 | 00 | |
| | 17 Total. Add line 10 through line 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 17 | | 0 00 |
| | 18 Net income (loss) after state adjustments. Subtract line 17 from line 9 . . . . . . . . . . . . . | ● 18 | | 0 00 |
| **CA Net Income** | 19 Net income (loss) for state purposes. Complete Schedule R if apportioning income. See instructions . . | ● 19 | | 0 00 |
| | 20 Net operating loss (NOL) carryover deduction. See instructions . . . . | ● 20 | 00 | |
| | 21 Pierce's disease, EZ, LARZ, TTA, or LAMBRA NOL carryover deduction. See instructions . . | ● 21 | 00 | |
| | 22 Disaster loss carryover deduction. See instructions . . . . . . . . . . . | ● 22 | 00 | |
| | 23 Net income for tax purposes. Combine line 20 through line 22. Then, subtract from line 19 . . . . | ● 23 | | 0 00 |
| **Taxes** | 24 Tax. _____% x line 23 (not less than minimum franchise tax, if applicable) . . . . . . . . . . | ● 24 | | 0 00 |
| | 25 Credit name _____ code no. ___ ___ amount | ● 25 | 00 | |
| | 26 Credit name _____ code no. ___ ___ amount | ► 26 | 00 | |
| | 27 To claim more than two credits, see instructions . . . . . . . . . . . . . | ● 27 | 00 | |
| | 28 Add line 25 through line 27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 28 | | 0 00 |
| | 29 **Balance.** Subtract line 28 from line 24 (not less than minimum franchise tax, if applicable) . . . . . | ● 29 | | 0 00 |
| | 30 Alternative minimum tax. Attach Schedule P (100). See instructions . . . . . . . . . . . . . . . | ● 30 | | 00 |
| | 31 **Total tax.** Add line 29 and line 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 31 | | 0 00 |
| **Payments** | 32 Overpayment from prior year allowed as a credit . . . . . . . . . . . . . | ● 32 | 00 | |
| | 33 **2008 Estimated tax payments.** See instructions . . . . . . . . . . . . | ● 33 | 00 | |
| | 34 2008 Nonresident or real estate withholding. See instructions . . . . . | ● 34 | 00 | |
| | 35 Amount paid with extension of time to file tax return . . . . . . . . . . . | ● 35 | 00 | |
| | 36 Total payments. Add line 32 through line 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 36 | | 0 00 |

3601083

Form 100 c1 2008 (REV 02-09)   Side 1

| | | | | |
|---|---|---|---|---|
| **37** | **Franchise or income tax due.** If line 31 is more than line 36, subtract line 36 from line 31. Go to line 40 | ● **37** | | 00 |
| **38** | **Overpayment.** If line 31 is more than line 36, subtract line 31 from line 36. | ● **38** | | 00 |
| **39** | Amount of line 38 to be credited to 2009 estimated tax | ● **39** | | 00 |
| **40** | **Use tax. This is not a total line.** See instructions ............ ● **40** | 00 | | 00 |
| **41** | **Refund.** If the sum of line 39 and line 40 is less than line 38, then subtract the result from line 38 .... ● **41** | | | |
| | See instructions to have the refund directly deposited.   **a** Routing number ............... | | | |
| | **b** Type: Checking ☐    **c** Savings ☐    **c** Account number ...................... | ● **41c** | | |
| **42** | **a** Penalties and interest. | ● **42a** | | 00 |
| | **b** ● ☐ Check if estimate penalty computed using Exception B or C. See instructions. | | | |
| **43** | **Total amount due.** Add line 37, line 39, line 40, and line 42a. Then, subtract line 38 from the result .... | **43** | | 00 |

Refund or Amount Due

## Schedule Q Questions (continued from Side 1)

**C** If the corporation filed on a water's-edge basis pursuant to R&TC Sections 25110 and 25113 in previous years, enter the date the water's-edge election ended ● _____ / _____ / _____

**D** Was the corporation's income included in a consolidated federal return? ...................... ● ☐ Yes ☐ No

**E** Principal business activity code.
(Do not leave blank): ........................ ● |___|___|___|___|
Business activity _____
Product or service _____

**F** Date incorporated: _____ / _____ / _____
Where: ● State _____ Country _____

**G** Date business began in California or date income was first derived from California sources ● _____ / _____ / _____

**H** First return? ● ☐ Yes ☐ No   If "Yes" and this corporation is a successor to a previously existing business, check the appropriate box.
● (1) ☐ sole proprietorship  (2) ☐ partnership  (3) ☐ joint venture
(4) ☐ corporation  (5) ☐ other
(attach statement showing name, address, and FEIN/SSN/ITIN of previous business)

**I** "Doing business as" name. See instructions: ● _____

**J** 1. For this taxable year, was there a change in control or majority ownership for this corporation or any of its subsidiaries that owned or leased real property in California? ..................................... ● ☐ Yes ☐ No

2. For this taxable year, did this corporation or any of its subsidiaries acquire control or majority ownership of any other legal entity that owned or leased real property in California? ..................... ● ☐ Yes ☐ No

3. If this corporation or any of its subsidiaries owned or leased real property in California, has more than 50% of the voting stock of any one of them cumulatively transferred in one or more transactions since March 1, 1975, which was not reported on a previous year's tax return? ..................... ● ☐ Yes ☐ No
**(Penalties may apply – see instructions.)**

**K** At any time during the taxable year, was more than 50% of the voting stock:
1. Of the corporation owned by any single interest? .. ● ☐ Yes ☐ No
2. Of another corporation owned by this corporation? ... ● ☐ Yes ☐ No

3. Of this and one or more other corporations owned or controlled, directly or indirectly, by the same interests? ● ☐ Yes ☐ No
If 1 or 3 is "Yes," enter the country of the ultimate parent _____
If 1, 2, or 3 is "Yes," furnish a statement of ownership indicating pertinent names, addresses, and percentages of stock owned. If the owner(s) is an individual, provide the SSN/ITIN.

**L** Has the corporation included a reportable transaction or listed transaction within this return?
(See instructions for definitions) ................... ● ☐ Yes ☐ No
If "Yes," complete and attach federal Form 8886 for each transaction.

**M** Is this corporation apportioning income to California using Schedule R? ............................ ● ☐ Yes ☐ No

**N** How many affiliates in the combined report are claiming immunity from taxation in California under Public Law 86-272? ● _____

**O** Corporation headquarters are: ● (1) ☐ Within California
(2) ☐ Outside of California, within the U.S.  (3) ☐ Outside of the U.S.

**P** Location of principal accounting records _____

**Q** Accounting method: ● (1) ☐ Cash  (2) ☐ Accrual  (3) ☐ Other

**R** Does this corporation or any of its subsidiaries have a Deferred Intercompany Stock Account (DISA)? ..... ● ☐ Yes ☐ No
If "Yes," enter the total balance of all DISAs ● $ _____

**S** Is this corporation or any of its subsidiaries a RIC? ... ● ☐ Yes ☐ No

**T** Is this corporation treated as a REMIC for California purposes? ............................ ● ☐ Yes ☐ No

**U** Is this corporation a REIT for California purposes? .. ● ☐ Yes ☐ No

**V** Is this corporation an LLC or limited partnership electing to be taxed as a corporation for federal purposes? ........................................ ● ☐ Yes ☐ No

**W** Is this corporation to be treated as a credit union? .. ● ☐ Yes ☐ No

**X** Is the corporation under audit by the IRS or has it been audited by the IRS in a prior year? ............. ● ☐ Yes ☐ No

**Y** Have all required information returns (e.g. federal Forms 1099, 5471, 5472, 8300, 8865, etc.) been filed with the Franchise Tax Board? .......... ☐ N/A ☐ Yes ☐ No

**Z** Does the taxpayer (or any corporation of the taxpayer's combined group, if applicable) own 80% or more of the stock of an insurance company? ....... ● ☐ Yes ☐ No

**AA** Did this corporation file the federal Schedule M-3 (Form 1120)? ...................... ● ☐ Yes ☐ No

| | | | |
|---|---|---|---|
| **Sign Here** | Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. | | |
| | Signature of officer ▶ | Title **CEO** | Date **6/18/2010** | ● Telephone **( 510 ) 770-0322** |
| **Paid Preparer's Use Only** | Preparer's signature ▶ *Victor Batinovich* | Date **6/18/2010** | Check if self-employed ▶ ☐ | ● Preparer's SSN/PTIN |
| | Firm's name (or yours, if self-employed) and address ▶ *Baum…* | | | ● FEIN |
| | | | | ● Telephone ( ) |
| | May the FTB discuss this return with the preparer shown above? See instructions ..................... ● ☐ Yes ☐ No | | | |

Side 2   Form 100 c1 2008

3602083

For Privacy Notice, get form FTB 1131.

TAXABLE YEAR
**2007**

# California Corporation
# Franchise or Income Tax Return

FORM
**100**

For calendar year 2007 or fiscal year beginning month _1_ day _1_ year _2007_ and ending month _12_ day _31_ year _2007_

California corporation number **2,5,4,8,2,0,9** FEIN **4,7-0,9,2,9,0,1,1**

Check if corporation has: ☐ Refund on line 41
or ☐ Amount due on line 43

Corporation name _Integrated Packaging Assembly Corporation_

Address (including suite, room, or PMB no.) _2221 Old Oakland Road_

City _San Jose_  State _Ca_  ZIP Code _95131_

## Schedule Q Questions

**A** FINAL RETURN? ● ☐ Dissolved ☐ Surrendered (withdrawn)
☐ Merged/Reorganized ☐ IRC Section 338 sale ☐ QSub election
Enter date ●

**B** 1. Is income included in a combined report of a
unitary group? . . . . . . . . . . . . . . . . . . . . . . . ● ☐ Yes ☐ No

2. If "Yes," indicate: ☐ wholly within CA (R&TC 25101.15)
☐ within and outside of CA

3. Is there a change in the members listed in
Schedule R-7 from the prior year? . . . . . . . . . . . . . . . ☐ Yes ☐ No

4. Enter the number of members (including parent
or key corporation) listed in the Schedule R-7,
Part I, subject to income or franchise tax. _____

*(continued on Side 2)*

**Whole dollars only**

| | | |
|---|---|---|
| State Adjustments | 1 Net income (loss) before state adjustments. See instructions . . . . . . . . . . . . . . . . . . | ● 1 | 00 |
| | 2 Amount deducted for foreign or domestic tax based on income or profits from Schedule A . . . . . . | ● 2 | 00 |
| | 3 Amount deducted for tax under the provisions of the Corporation Tax Law from Schedule A . . . . . . | ● 3 | 00 |
| | 4 Interest on government obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 4 | 00 |
| | 5 Net California capital gain from Schedule D, line 11 . . . . . . . . . . . . . . . . . . . . | ● 5 | 00 |
| | 6 Depreciation and amortization in excess of amount allowed under California law. Attach form FTB 3885 . . | ● 6 | 00 |
| | 7 Net income from corporations not included in federal consolidated return. See instructions. . . . . | ● 7 | 00 |
| | 8 Other additions. Attach schedule(s) . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 8 | 00 |
| | 9 Total. Add line 1 through line 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . | ● 9 | 00 |

| | | | |
|---|---|---|---|
| 10 Intercompany dividend deduction. Attach Schedule H (100) . . . . . . | ● 10 | 00 | |
| 11 Dividends received deduction. Attach Schedule H (100) . . . . . . | ● 11 | 00 | |
| 12 Additional depreciation allowed under CA law. Attach form FTB 3885 . . | ● 12 | 00 | |
| 13 Capital gain from federal Form 1120, line 8 . . . . . . . . . . . | ● 13 | 00 | |
| 14 Contributions . . . . . . . . . . . . . . . . . . . . . . | ● 14 | 00 | |
| 15 EZ, LAMBRA, or TTA business expense and EZ net interest deduction. . . | ● 15 | 00 | |
| 16 Other deductions. Attach schedule(s). . . . . . . . . . . . . | ● 16 | 00 | |
| 17 Total. Add line 10 through line 16. . . . . . . . . . . . . . | | | |

| | | | |
|---|---|---|---|
| CA Net Income | 18 Net income (loss) after state adjustments. Subtract line 17 from line 9. See instructions . . . . . | ● 17 | 00 |
| | 19 Net income (loss) for state purposes. Complete Schedule R if apportioning income. See instructions . . | ● 18 | 00 |
| | 20 Net operating loss (NOL) carryover deduction. See instructions . . . . | ● 19 | 00 |
| | 21 Pierce's disease, EZ, LARZ, TTA, or LAMBRA NOL carryover deduction. See instructions | ● 20 | 00 |
| | 22 Disaster loss carryover deduction. See instructions. . . . . . . . . | ● 21 | 00 |
| | 23 Net income for tax purposes. Combine line 20 through line 22. Then, subtract from line 19 . . . . . | ● 22 | 00 |

| | | | |
|---|---|---|---|
| Taxes | 24 Tax. _____ % x line 23 (not less than minimum franchise tax, if applicable) . . . . . | ● 23 | 00 |
| | 25 Credit name _____ code no. _ _ _ _ amount ▶ 25 | | 00 | |
| | 26 Credit name _____ code no. _ _ _ _ amount ▶ 26 | | 00 | |
| | 27 To claim more than two credits, see instructions . . . . . . . . ▶ 27 | | 00 | |
| | 28 Add line 25 through line 27 . . . . . . . . . . . . . . . . | ● 24 | 00 |
| | 29 **Balance.** Subtract line 28 from line 24 (not less than minimum franchise tax, if applicable) . . . . . | ● 28 | 00 |
| | 30 Alternative minimum tax. Attach Schedule P (100). See instructions. . . . . . . . . . . . | ● 29 | 00 |
| | 31 Total tax. Add line 29 and line 30 . . . . . . . . . . . . . . . . . . . . . . . . | ● 30 | 00 |

| | | | |
|---|---|---|---|
| Payments | 32 Overpayment from prior year allowed as a credit . . . . . . . . . | ● 31 | 00 |
| | 33 2007 Estimated tax payments. See instructions . . . . . . . . ● 32 | | 00 | |
| | 34 2007 Nonresident or real estate withholding. See instructions . . . . . ● 33 | | 00 | |
| | 35 Amount paid with extension of time to file tax return . . . . . . . ● 34 | | 00 | |
| | 36 Total payments. Add line 32 through line 35 . . . . . . . . . . ● 35 | | 00 | |
| | | ● 36 | 00 |

3601073

Form 100 C1 2007 **Side 1**

Case: 08-05333    Doc# 49    Filed: 10/12/10    Entered: 10/12/10 12:43:08    Page 26 of 27

2007

| | | | | |
|---|---|---|---|---|
| **Refund or Amount Due** | **37 Franchise or income tax due.** | | | |
| | If line 31 is more than line 36, subtract line 36 from line 31. Go to line 40 .......... | ● **37** | | **00** |
| | **38 Overpayment.** If line 36 is more than line 31, subtract line 31 from line 36 ........ | ● **38** | | **00** |
| | **39** Amount of line 38 to be credited to 2008 estimated tax ................... | ● **39** | | **00** |
| | **40 Use tax.** See instructions ............................................ | ● **40** | | **00** |
| | **41 Refund.** If the sum of line 39 and line 40 is less than line 38, then subtract the result from line 38 .... | ● **41** | | **00** |
| | See instructions to have the refund directly deposited.   **a** Routing number | | | |
| | **b** Type: Checking ● ☐  Savings ● ☐   **c** Account number | ● **41a** ● **41c** | | |
| | **42 a** Penalties and interest. ............................................. | | | |
| | **b** ☐ Check if estimate penalty computed using Exception B or C. See instructions. | ● **42a** | | **00** |
| | **43 Total amount due.** Add line 37, line 39, line 40, and line 42a. Then, subtract line 38 from the result .... | **43** | | **00** |

## Schedule Q Questions (continued from Side 1)

**C** If the corporation filed on a water's-edge basis pursuant to R&TC Sections 25110 and 25113 in previous years, enter the date the water's-edge election ended ● _____

**D** Was the corporation's income included in a consolidated federal return? .................. ● ☐ Yes ☐ No

**E** Principal business activity code.
(Do not leave blank): .............. ● |__|__|__|__|
Business activity _____
Product or service _____

**F** Date incorporated: _____
Where: ● State |__|__| Country _____

**G** Date business began in California or date income was first derived from California sources ● _____

**H** First return? ● ☐ Yes ☐ No   If "Yes" and this corporation is a successor to a previously existing business, check the appropriate box.
● (1) ☐ sole proprietorship  (2) ☐ partnership  (3) ☐ joint venture
(4) ☐ corporation  (5) ☐ other
(attach statement showing name, address, and FEIN/SSN/ITIN of previous business)

**I** "Doing business as" name. See instructions: _____

**J 1.** For this taxable year, was there a change in control or majority ownership for this corporation or any of its subsidiaries that owned or leased real property in California? ..................................... ● ☐ Yes ☐ No
**2.** For this taxable year, did this corporation or any of its subsidiaries acquire control or majority ownership of any other legal entity that owned or leased real property in California? ................................ ● ☐ Yes ☐ No
**3.** If this corporation or any of its subsidiaries owned or leased real property in California, has more than 50% of the voting stock of any one of them cumulatively transferred in one or more transactions since March 1, 1975, which was not reported on a previous year's tax return? .......................... ● ☐ Yes ☐ No
**(Penalties may apply – see instructions.)**

**K** At any time during the taxable year, was more than 50% of the voting stock:
**1.** Of the corporation owned by any single interest? ... ● ☐ Yes ☐ No
**2.** Of another corporation owned by this corporation? .. ● ☐ Yes ☐ No

**3.** Of this and one or more other corporations owned or controlled, directly or indirectly, by the same interests? ● ☐ Yes ☐ No
If 1 or 3 is "Yes," enter the country of the ultimate parent _____

If 1, 2, or 3 is "Yes," furnish a statement of ownership indicating pertinent names, addresses, and percentages of stock owned. If the owner(s) is an individual, provide the SSN/ITIN.

**L** Has the corporation included a Reportable Transaction or Listed Transaction within this return?
(See instructions for definitions) ................. ● ☐ Yes ☐ No
If "yes," complete and attach federal Form 8886 for each transaction.

**M** Is this corporation apportioning income to California using Schedule R? ........................ ● ☐ Yes ☐ No

**N** How many affiliates in the combined report are claiming immunity from taxation in California under Public Law 86-2722? ● _____

**O** Corporation headquarters are: ● (1) ☐ Within California
(2) ☐ Outside of California, within the U.S.   (3) ☐ Outside of the U.S.

**P** Location of principal accounting records _____

**Q** Accounting method: ● (1) ☐ Cash  (2) ☐ Accrual  (3) ☐ Other

**R** Does this corporation or any of its subsidiaries have a Deferred Intercompany Stock Account (DISA)?
If "YES," enter the total balance of all DISAs $ _____ ....... ● ☐ Yes ☐ No

**S** Is this corporation or any of its subsidiaries a RIC? ... ● ☐ Yes ☐ No

**T** Is this corporation treated as a REMIC for California purposes? .......................... ● ☐ Yes ☐ No

**U** Is this corporation a REIT for California purposes? ... ● ☐ Yes ☐ No

**V** Is this corporation an LLC or limited partnership electing to be taxed as a corporation for federal purposes? ................................. ● ☐ Yes ☐ No

**W** Is this corporation to be treated as a credit union? ... ● ☐ Yes ☐ No

**X** Is the corporation under audit by the IRS or has it been audited by the IRS in a prior year? ......... ● ☐ Yes ☐ No

**Y** Have all required information returns (e.g. federal Forms 1099, 5471, 5472, 8300, 8865, etc.) been filed with the Franchise Tax Board? ........... ☐ N/A ☐ Yes ☐ No

**Z** Does the taxpayer (or any corporation of the taxpayer's combined group, if applicable) own 80% or more of the stock of an insurance company? ....... ☐ Yes ☐ No

**AA** Did this corporation file the federal Schedule M-3 (Form 1120)? ........................ ● ☐ Yes ☐ No

| | | | |
|---|---|---|---|
| **Sign Here** | Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. | | |
| | Signature of officer ▶ _[signature]_  Title **CEO** | Date **7-14-2010** | ● Telephone **(510) 770-0322** |
| **Paid Preparer's Use Only** | Preparer's signature ▶ _[signature]_ | Date | Check if self-employed ▶ ☐ | ● Preparer's SSN/PTIN |
| | Firm's name (or yours, if self-employed) and address ▶ | | ● FEIN |
| | | | ● Telephone |

Side 2   Form 100 c1 2007

3602073