```
D. BRAD JONES, CSB #126650
NEEDHAM, DAVIS, KEPNER & YOUNG, LLP
1960 The Alameda, Suite 210
San Jose, CA 95126
Telephone: (408)244-2166
Facsimile: (408)244-7815

Attorneys for Victor A. Batinovich
and i2a Technologies
```



FILED DEC 0 6 2010 CLERK United States Bankruptcy Court San Jose, California

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INTEGRATED PACKAGING ASSEMBLY CORPORATION, a California corporation, DBA IPAC<br>TAX ID # 47-0929011<br><br>Debtor, | Case No. 07-53563 ASW<br><br>Chapter 7<br><br><br><br>AP # 08-5333 |
| CAROL W. WU, Trustee<br><br>Plaintiff,<br><br>v.<br><br>VICTOR A. BATINOVICH; i2a TECHNOLOGIES<br><br>Defendants. | Telephonic: December 10, 2010<br>Time: 3:00 p.m. |

### UPDATED TRIAL SETTING CONFERENCE STATEMENT OF DEFENDANTS, VICTOR A. BATINOVICH AND I2A TECHNOLOGIES

Defendants, Victor A. Batinovich and i2a Technologies ("Batinovich"), by and through their attorney of record, submit the following updated Trial Setting Conference Statement.

On December 2nd, at 3:30 in the afternoon, counsel for Batinovich, via email, notified the Trustee's counsel, Ms. Sorensen, that the law firm of Needham, Kepner, Fish & Jones had been engaged to represent Batinovich and would be filing a Notice of Representation on December 3, 2010. Additionally, this email requested that Ms. Sorensen contact counsel in order to discuss the matter, in anticipation of filing the joint updated trial setting conference statement as requested by the Court at a

hearing in this matter that occurred in November 8th. Ms. Sorenson replied on the following day, on December 3rd, indicating that due to the press of other business, her scheduled did not permit working with counsel to file a joint statement.

It has been said on many occasions that "no matter how thin the pancake, there are still two sides". Plaintiff, Carol W. Wu, Trustee ("Plaintiff"), however attempts to portray this matter as only having one side. The following will help assist the Court to fully appreciate a fair, true and accurate overview of where this matter stands as of the date of this hearing.

In this regard, this action has been brought by Plaintiff as a result of misstatements made by Batinovich in a declaration filed with this court on November 7, 2007; one week after the Debtor's chapter 11 case was commenced on October 31, 2007. This "misstatement" relates to the fact that it was the Debtor, IPAC that was operating a technology business at a leased building, rather than defendant i2a. The uncontroverted facts are that i2a had purchased the Debtor's assets in a documented prepetition sale that had occurred in January of 2006, nearly 22 months prior to the Debtor's bankruptcy filing. On November 29, 2007, following the filing of its Schedules, it became readily apparent that Debtor was not operating, and thus the November 7th declaration was in error. Moreover, on January 8, 2008, during the Initial Debtor Interview, the U.S. Trustee was apprised, in detail, by Batinovich that Debtor's assets had been acquired by i2a in 2006. Two weeks later the U.S. Trustee was provided with a copy of the 2006 asset purchase agreement. Finally, on January 25, 2008, Debtor filed its first operating report, which included its Statement of Financial Affairs and an amended Schedule, of all which underscored the fact that Debtor had no cash, accounts receivables, inventory, etc.

Following a Partial Motion for Summary Judgment brought by Batinovich, the Court granted the motion with respect to the Plaintiff's Second Claim for Relief holding that Plaintiff lacks the requisite standing to assert any claim premised on Unlawful Postpetition Transfer (11 U.S.C. § 549) or for Void Interference with Estate (11 U.S.C. § 362) or for Concealment and Receipt of Assets (18 U.S.C. § 152). All other relief requested in the motion was denied.

On August 30, 2010, all of the parties in the State Court action, including by not limited to Victor

and Ann Batinovich, OSE U.S.A., Inc. ("OSE"), Joseph Sully ("Sully"), Old Oakland Road Associates ("OORA"), and IPAC, completely settled all disputes between arising out IPAC's leasehold interest in the OORA building, as well as, all claims over the $500,000.00 promissory note ("Note"). In this regard, on September 8, 2010, the parties appeared in Dept. 8, of the Superior Court for the County of Santa Clara, before the Honorable Mark Pierce and set forth, with particularity, each and every term and condition of their settlement, on the "record", as part of a Judicially Supervised Settlement pursuant to CCP § 664.6 (the "Settlement"). Under the express terms of this Settlement, OORA specifically agreed to abandon, release, and forever relinquish any and all claims held by it, under Claim #6 in the combined amount of $776,031.75 in Debtor's bankruptcy estate. Likewise, OSE under the express terms of this Settlement specifically agreed to abandon, release, and forever relinquish any and all claims held by it, under Claim #7 in the combined amount of $1,175,136.99 in Debtor's bankruptcy estate. As such, under the express terms of this fully enforceable Judicially Supervised Settlement, $1,951,168.74 of the general and administrative claims of Debtor's bankruptcy estate no longer legally exist or can be pursued by Plaintiff. The fact that the "official" withdrawal documents have yet to be filed with the Court is only due to finalizing the paperwork as between OSE and Sully, which has absolutely nothing to do with Batinovich. It is expected, however, that the withdrawal of claims, for both OSE and OORA, will be filed before the upcoming December 10th hearing, in not immediately thereafter.

Plaintiff contends that the substance of this action has been extensively explored and that the evidence will somehow show that Batinovich "willfully and in bad faith" intentionally and fraudulently set out to deceive this Court and to abuse the bankruptcy process. Since the filing of Plaintiff's case, which occurred in December of 2008, the only evidence that is repeatedly proffered consists of nothing more than empty statements about Batinovich's actions, such as "shell game"… "hot air" … "Debtor's estate has very substantial debt" … "switcheroo" … "claims are not in a position to be withdrawn"…the "supposed settlement is dragging on, incomplete". However, none of these descriptive adjectives are supported, nor can they be, legally or factually. To further bolster her position, Plaintiff contends that a recent Ninth Circuit decision, *In re Schwarzkopf*, 08-56974 (filed November 23, 2010) and attached to

her updated statement, somehow provides additional fuel that will support a finding in this case of "alter ego" for actions allegedly taken by Mr. Batinovich with respect to IPAC and/or i2a. However, in this case Plaintiff has no factual evidence, unlike that which was before the court in *Schwarzkopf*, to support a finding that Mr. Batinovich co-mingled funds, failed to segregate funds between himself individually and either corporation, ever treated any corporate assets or property as his own, ever disregarded any corporate legal formalities, failed to maintain an arm's length relationship among the entities, or ever diverted any corporate property or assets for the sole purpose of causing detriment to any creditors.

The reality of this matter is simple…there never were, nor are there, any creditors in this case that were in anyway defrauded by any alleged manipulation of assets by Batinovich to their "detriment". There never was a "switcheroo" by Batinovich to avoid any consequences. The Settlement in the State Court action is final and based on that Settlement over $1,951,000.00 of claims have been legally removed, which means that the Trustee is pursuing the action with approximately $35,000.00 in remaining claims, which a portion of those are believed to no longer exist…which does beg the question… "On whose behalf is this case being pursued…?"

As stated above, this action has been brought by Plaintiff to seek redress for the alleged fraudulent and intentional statements made by Batinovich in a declaration filed with this court on November 7, 2007. To sustain her burden at trial, Plaintiff must prove, by clear and convincing evidence, and the court is required to made an explicit finding that such statements were made in "bad faith and/or with the willful intent" to defraud this court. This burden of proof is not one that Plaintiff can meet at the time of trial in this case, nor can Plaintiff point to any particularized harm resulting from any of the alleged misconduct that she attributes to either Mr. Batinovich or i2a.

Dated: December 6, 2010                    NEEDHAM, KEPNER, FISH & JONES, LLP

By: _____
D. Brad Jones
Attorneys for Defendants

| | |
|---|---|
| 1 | **PROOF OF SERVICE BY EMAIL AND U.S. MAIL** |
| 2 | I, the undersigned, say: |
| 3 | I am now and at all times herein mentioned have been over the age of 18 years, |
| 4 | employed in Santa Clara County, California, and not a party to the within action or cause; that |
| 5 | my business address is 1960 The Alameda, Suite 210, San Jose, California, 95126-1493. I am |
| 6 | readily familiar with the firm's business practice for collection and processing of correspondence |
| 7 | for mailing with the United States Postal Service. I served copies of the attached **UPDATED** |
| 8 | **TRIAL SETTING CONFERENCE STATEMENT OF DEFENDANTS VICTOR A.** |
| 9 | **BATINOVICH AND I2A TECHNOLOGIES** by electronic transmission to the following |
| 10 | address and placing said copies in envelopes addressed to: |
| 11 | **For Trustee, Carol W. Wu** |
| | Reidun Stromsheim |
| 12 | Linda Sorensen |
| | Stromsheim & Associates |
| 13 | 201 California Street, Suite 350 |
| | San Francisco, CA 94111 |
| 14 | lsorensen@stromsheim.com |
| | Phone: 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 |
| 15 | Fax: 415-989-2235 |
| 16 | |
| 17 | which envelopes were then sealed and, with postage fully prepaid thereon, were on December 6, |
| 18 | 2010 placed for collection and mailing at my place of business following ordinary business |
| 19 | practices. Said correspondence will be deposited with the United States Postal Service at San |
| 20 | Jose, California on the above-referenced date in the ordinary course of business; and there is |
| 21 | delivery service by United States mail at the place so addressed. |
| 22 | I declare under penalty of perjury under the laws of the State of California that the |
| 23 | foregoing is true and correct and that this Declaration was executed on December 6, 2010. |
| 24 | /s/ Beth LaHerran |
| | Beth LaHerran |
| 25 | |
| 26 | Court Action No: 07-53563 ASW |
| | Case Name: *Wu v. Batinovich, et al.* |
| 27 | |