D. BRAD JONES, CSB #126650
NEEDHAM, DAVIS, KEPNER & YOUNG, LLP
1960 The Alameda, Suite 210
San Jose, CA 95126
Telephone: (408)244-2166
Facsimile: (408)244-7815

Attorneys for Victor A. Batinovich
and i2a Technologies

FILED
JAN 3 2011
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

INTEGRATED PACKAGING ASSEMBLY
CORPORATION, a California corporation, DBA
IPAC
TAX ID # 47-0929011

    Debtor,

CAROL W. WU, Trustee

    Plaintiff,

    v.

VICTOR A. BATINOVICH; i2a
TECHNOLOGIES

    Defendants.

Case No. 07-53563 ASW

Chapter 7

AP # 08-5333

Telephonic: January 7, 2011
Time: 3:00 p.m.

## FURTHER UPDATED TRIAL SETTING CONFERENCE STATEMENT OF DEFENDANTS, VICTOR A. BATINOVICH AND I2A TECHNOLOGIES

Defendants, Victor A. Batinovich and i2a Technologies ("Batinovich"), by and through their attorney of record, submit the following further updated Trial Setting Conference Statement.

As the Court is aware, on December 3, 2010, the law firm of Needham, Kepner, Fish & Jones filed with the court its Notice of Representation, for all purposes, of Batinovich in this matter.

**Status of the case:**

Technically, the matter is ready to be set for trial. Counsel have met and conferred regarding their respective availability and it appears that this matter can be set, subject to the courts calendar,

beginning on March 28, 2011 and thereafter through April and May 2011. It appears that the case will take approximately no more than 3 to 4 days to complete.

Plaintiff has recently disclosed and identified Paul Manasian, the former attorney for Batinovich and Debtor, as a witness and in this regard has also recently produced a box of documents consisting of over a 1,000 pages of materials that comprised Mr. Manasian's file while he represented Batinovich. Based on this recent production of documents, which have yet to be reviewed, Counsel for Batinovich intends to immediately notice the deposition of Mr. Manasian, which is the only discovery that needs to be completed prior to the commencement of the trial and can be accomplished, depending on the witnesses availability, within the next 45 to 60 days.

Following a Partial Motion for Summary Judgment brought by Batinovich's former attorney, the Court granted the motion with respect to the Plaintiff's Second Claim for Relief holding that Plaintiff lacks the requisite standing to assert any claim premised on Unlawful Postpetition Transfer (11 U.S.C. § 549) or for Void Interference with Estate (11 U.S.C. § 362) or for Concealment and Receipt of Assets (18 U.S.C. § 152). All other relief requested in the motion was denied.

**Defendants overview of claims:**

(1) Old Oakland Road Associates ("OORA") filed Claim #6 in the amount of $647,446.76 for GUC, and $128,584.99 for administrative expenses. OSE, Inc., ("OSE") filed Claim #7 in the amount of $1,175,136.99. The entirety of OORA's Claim has been assigned to OSE, as part of a global settlement in the underlying State Court action that was originally brought by OSE against Debtor on a $500,000 note. In this regard, on September 8, 2010, the parties in the State Court action, entered into a Judicially Supervised Settlement pursuant to CCP § 664.6 (the "Settlement"). Under the express terms of this Settlement, OORA specifically agreed to abandon, release, and forever relinquish any and all claims held by it, under Claim #6. Likewise, OSE under the express terms of this Settlement specifically agreed to abandon, release, and forever relinquish any and all claims held by it, under Claim #7. The wording of the party's settlement agreement, memorializing the Settlement, was finally agreed to on December 30, 2010 and is now being circulated for execution. Under the terms of this agreement, the formal notice of withdrawal of the claims of both OORA and OSE, in the combined

amount of $1,951,168.74, will be filed with the court within seven (7) days following execution by the parties.

(2) With respect to Claim #1 by the IRS, all appropriate tax returns have been filed with the IRS and copies of same were provided to counsel for Plaintiff directly from Mr. Batinovich, prior to the engagement of new counsel. Counsel for Batinovich is currently attempting to engage the IRS to have the appropriate withdrawal of its estimated claim filed with the court.

(3) All outstanding fees, with respect to Claim's, #3 and #4, by the Franchise Tax Board ("FTB") have been satisfied, and as with the IRS counsel for Batinovich is attempting to engage the FTB to file the appropriate withdrawal of claims.

(4) Claim #5, filed by Debtor's prior counsel, Manasian & Rougeau in the amount of $21,785, currently remains on file with the court.

(5) Other than an "unstated amount of Chapter 11 fees", the only other "claim" being pursued in this matter would be the "attorney fees" of counsel for Plaintiff, which have been stated to be in the approximate amount of $100,000.00.

**Substance of the action:**

Plaintiff contends that the substance of this action has been extensively explored and that the evidence will somehow show that Batinovich "willfully and in bad faith" intentionally and fraudulently set out to deceive this Court and to abuse the bankruptcy process. Since the filing of Plaintiff's case, which occurred in December of 2008, the only evidence that is repeatedly proffered consists of nothing more than empty statements about Batinovich's actions, such as "shell game"... "hot air" ... "Debtor's estate has very substantial debt" ... "switcheroo" ... "claims are not in a position to be withdrawn"...the "supposed settlement is dragging on, incomplete". However, none of these descriptive adjectives are supported, nor can they be, legally or factually. To further bolster her position, Plaintiff contends that a recent Ninth Circuit decision, *In re Schwarzkopf*, 08-56974 (filed November 23, 2010) and attached to her updated statement, somehow provides additional fuel that will support a finding in this case of "alter ego" for actions allegedly taken by Mr. Batinovich with respect to IPAC and/or i2a. However, in this case Plaintiff has no factual evidence, unlike that which was before the court in *Schwarzkopf*, to support

a finding that Mr. Batinovich co-mingled funds, failed to segregate funds between himself individually and either corporation, ever treated any corporate assets or property as his own, ever disregarded any corporate legal formalities, failed to maintain an arm's length relationship among the entities, or ever diverted any corporate property or assets for the sole purpose of causing detriment to any creditors.

The reality of this matter is simple…there never were, nor are there, any creditors in this case that were in anyway defrauded by any alleged manipulation of assets by Batinovich to their "detriment". There never was a "switcheroo" by Batinovich to avoid any consequences. The Settlement in the State Court action is final and based on that Settlement over $1,951,000.00 of claims will have been legally withdrawn long before this matter comes to trial. The Trustee is pursuing the action with approximately $35,000.00 in remaining claims, which approximately $15,000.00 of such claims no longer exist.

As stated above, this action has been brought by Plaintiff to seek redress for the alleged fraudulent and intentional statements made by Batinovich in a declaration filed with this court on November 7, 2007. To sustain her burden at trial, Plaintiff must prove, by clear and convincing evidence, and the court is required to made an explicit finding that such statements were made in "bad faith and/or with the willful intent" to defraud this court. This burden of proof is not one that Plaintiff can meet at the time of trial in this case, nor can Plaintiff point to any particularized harm resulting from any of the alleged misconduct that she attributes to either Mr. Batinovich or i2a.

In light of the above, especially in light of the fact that over 99% of the various Claims have, and will be withdrawn prior to trial, begs the question… "On whose behalf is this case being pursued…?"

Dated: January 3, 2011                           NEEDHAM, KEPNER, FISH & JONES, LLP

By: _____
D. Brad Jones
Attorneys for Defendants

| | |
|---|---|
| 1 | <u>**PROOF OF SERVICE BY EMAIL AND U.S. MAIL**</u> |
| 2 | I, the undersigned, say: |

I am now and at all times herein mentioned have been over the age of 18 years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 1960 The Alameda, Suite 210, San Jose, California, 95126-1493. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served copies of the attached **FURTHER UPDATED TRIAL SETTING CONFERENCE STATEMENT OF DEFENDANTS VICTOR A. BATINOVICH AND I2A TECHNOLOGIES** by electronic transmission to the following address and placing said copies in envelopes addressed to:

**For Trustee, Carol W. Wu**
Reidun Stromsheim
Linda Sorensen
Stromsheim & Associates
201 California Street, Suite 350
San Francisco, CA 94111
lsorensen@stromsheim.com
Phone: 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
Fax: 415-989-2235

which envelopes were then sealed and, with postage fully prepaid thereon, were on January 3, 2011 placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California on the above-referenced date in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on January 3, 2011.

_____
Beth LaHerran

Court Action No: 07-53563 ASW
Case Name: *Wu v. Batinovich, et al.*